Jennie SHAMEY, Appellant,

v.

Donald Allen HICKEY, Jr., Appellee.

No. 80–28.

District of Columbia Court of Appeals.

Submitted June 4, 1981.

Decided July 29, 1981.

Jennie Shamey, pro se.

Donald A. Hickey, Jr., pro se.

Before KELLY and KERN, Associate Judges, and PAIR, Associate Judge, Retired.

KELLY, Associate Judge:

In this case, we granted an appeal from a judgment rendered by the Small Claims and Conciliation Branch of the Superior Court because appellant has shown "a question of law which has not been but should be decided by this court." *Karath v. Generalis,* D.C.App., 277 A.2d 650, 651 (1971). That question is whether appellee's conduct in bringing this action against appellant constituted unauthorized practice of law. We find that it did and remand the case to the trial court for dismissal of appellee's complaint.[1]

---

1. Our authority for doing so is based on our "inherent power . . . to regulate and control the practice of law and to protect the public and the administration of justice by forbidding the

Appellant contracted with appellee's company, Bethesda Refrigeration Service, Inc.,[2] to install a heating and air conditioning unit in her home. Subsequently, appellant requested stronger roof supports for the unit than the redwood "four-by-fours" described in the contract. The parties to the contract orally agreed that the company would absorb the costs of welding and installation and that appellant would pay for the new steel I-beam supports.

■ Unsatisfied with the company's workmanship, appellant deducted the cost of the steel I-beams from her payments to the company for the installed unit. Thereupon appellee purchased appellant's "debt" from his company, at a discount, and was assigned all the company's rights against appellant in connection with that account.[3] The next day, appellee filed suit in Small Claims Court, *pro se*, to collect on the assigned claim.

Superior Court Small Claims Rule 9(b) states: "No corporation shall appear in this branch except through a member in good standing of the bar of this court." Although as assignee of the claim, appellee was entitled to maintain a suit in his own name under D.C.Code 1973, § 28–2303,[4] it is clear that appellee actually assumed the role of a collection agent for his company. Had Bethesda Refrigeration Service, Inc., as the true party to the contract with appellant, directly sought to bring suit against appellant, it would have had to engage a member of the bar to do so. Instead, by the device of selling its claim against appellant to the company's "operator," the need for such representation could be avoided. We cannot sanction such a convenience, because it involves not only the circumvention of a court rule, but also the unauthorized practice of law.

In *J. H. Marshall & Associates, Inc. v. Burleson*, D.C.App., 313 A.2d 587, 593 (1973), we explained that "[t]he term 'collection agency' is a generic term and can apply to all activities carried on in the pursuit of collecting debts for others." We think that appellee's activities fall within this definition. In *Marshall*, we found that a collection agency was engaged in the unauthorized practice of law by arranging and overseeing the institution of legal process to recover on claims assigned to the agency by its corporate client. The situation in the instant case is even more egregious because here, unlike in *Marshall*, no attorney was retained by the agent for formal court appearances.

Appellee here served the same function as the collection agency in *Marshall* and accomplished the company's purpose by engaging in the unlawful practice of law. It is plain that the filing of an action in Small Claims Court constitutes the practice of law. *See Marshall, supra* at 594 (practice of law embraces, *inter alia*, management of actions and proceedings on behalf of clients before judges and courts). It is an unlawful practice in this case because appellee, though purporting to be appearing for himself, was in reality representing the interests of the corporate party to the subject contract.

---

unwarranted intrusion of unauthorized and unskilled persons into the practice of law." *J. H. Marshall & Associates, Inc. v. Burleson*, D.C. App., 313 A.2d 587, 592 (1973).

2. The record shows that appellee "operated" and "runs" Bethesda Refrigeration Service, Inc. There is no evidence of the company's stock ownership.

3. The validity of the assignment, or even its existence, was not raised at trial, although several exhibits which were introduced made it plain that the claim was that of the corporation. The assignment, attached to appellee's opposition to the allowance of an appeal, is signed by the corporate Secretary-Treasurer and purports to

sell to Donald A. Hickey, Jr. for the sum of $400.00 all claims to the balance due from Jennie Shamey for contract entered into March 3, 1979 for work performed at 1310–22nd Street, N.W. Washington, D.C.

4. Section 28–2303 provides that the assignee of a debt "may maintain an action thereon in his own name." Super.Ct.Civ.R. 17(a) states:

Every action shall be prosecuted in the name of the real party in interest. [A] party authorized by statute may sue in his own name without joining with him the party for whose benefit the action is brought . . . .

The courts themselves will not permit laymen to appear in court in a representative capacity. The policy of the courts and the legislature in this regard may not be circumvented by the subterfuge of a layman taking an assignment to permit him to carry on the *business* of practicing law. [*Id.* at 595, quoting *Nelson v. Smith*, 107 Utah 382, 392, 154 P.2d 634, 639 (1944); emphasis in original.]

■ In *Mercu-Ray Industries, Inc. v. Bristol-Myers Co.*, 392 F.Supp. 16, 17 (S.D. N.Y.), *aff'd*, 508 F.2d 837 (1974), the court held that an individual *pro se* plaintiff could not thwart the public policy against corporations appearing *pro se*, by assigning the corporation's claim to himself, the sole stockholder. In *Mercu-Ray*, as here, the plaintiff attempted to obscure the fact that his corporation was not represented by counsel by assigning all rights in the corporate cause of action to himself. The district court explained that

the policy behind requiring a corporation to appear by counsel . . . is not the protection of stockholders but the protection of the courts and the administration of justice. [*Id.* at 19.]

Therefore, even where the company is owned by a single stockholder, the rule should be enforced.

Appellee was in no different a position than Kreager, the individual plaintiff in *Mercu-Ray*, where the court stated:

To allow Kreager to appear *pro se* in this suit would be allowing him to flout a well-established and purposeful public policy by means of a procedural device. Kreager chose to accept the advantages of incorporation and must now bear the burdens of that incorporation; thus, he must have an attorney present the corporation's legal claims. [*Id.* at 20.]

As assignee of his corporation's claim, appellee, suing in his own name, was collecting for his corporation. This court will not permit the purchase of a debt to cloak representation of a corporation. With the benefits of incorporation there is the corollary requirement of representation through legal counsel. Accordingly, we remand this case to the trial court with instructions to dismiss the complaint.

*So ordered.*

KERN, Associate Judge, dissenting:

I am unable to agree with the majority's conclusion upon this sparse record that "it is clear that appellee [Mr. Hickey] actually assumed the role of a collection agent for his company."

There is no record support for the majority's jump to its conclusion that "appellee, suing in his own name, was collecting for his corporation."[1] Accordingly, I cannot agree with the majority that there was "an unlawful practice in this case because appellee, though purporting to be appearing for himself, was in reality representing the interests of the corporate party to the subject contract."

I note that the trial court expressly states in its Statement of Proceedings and Evidence, which is binding on us:

At no time during the January 8, 1980 proceeding was plaintiff's [Mr. Hickey] status or any Rule 9(b) issue raised. The court *presumed* that Mr. Hickey was proceeding in his own behalf . . . nor was the Court aware at the time of trial that such an issue [unauthorized practice of law] even "lurked in the record." [Record at 23a; emphasis added.]

Surely, this court does not do justice to either the parties or the trial court to decide

---

1. The majority appears to presume in its opinion that because there was testimony, according to the Statement of Proceedings and Evidence, that Mr. Hickey "runs" the Bethesda Refrigeration Service, Inc., he is the alter ego of that corporation and hence his purchase from the company of the note of appellant's indebtedness was a sham.

On the other hand, Mr. Hickey refers in his *pro se* filing in this Court to his "superiors" at the company, thereby tending to negate the presumption that he is in control of the corporation. What this points up is the need, at the very least, for a further hearing before the trial court to determine the facts underlying the legal issue appellant has raised on appeal for the first time.

this appeal upon an issue requiring factual findings that was never raised during the trial and never considered by the trial court.

Since there is an issue now whether appellee is the real party in interest in this suit, *see Heiskell v. Mozie,* 65 App.D.C. 225, 227, 82 F.2d 861, 863 (1936), the proper disposition of this appeal is to remand the case to the trial court to reopen the proceeding in order to determine that issue.

Accordingly, I dissent.