480 A.2d 281

**Joseph WALACAVAGE,**

v.

**EXCELL 2000, INC., Appellant. (Two Cases)**

Superior Court of Pennsylvania.

Submitted Feb. 3, 1984.

Filed July 27, 1984.

Richard Wagner, Schuylkill Haven, for appellant.

Joseph H. Jones, Jr., Pottsville, for appellee.

Before CIRILLO, BECK and JOHNSON, JJ.

BECK, Judge:

This case requires us to consider whether a corporation may appear in court and be represented by a corporate officer and shareholder who is not an attorney. We hold that a corporation may not be represented by a person who is not an attorney in our courts.

We have before us consolidated appeals stemming from two separate actions involving two different transactions between the parties. In No. 3416 Philadelphia 1982 ("No. 3416"), appellee Joseph Walacavage ("Walacavage") sued appellant Excell 2000, Inc. ("Excell") on a loan from Walacavage to Excell, alleging that Excell had failed to make any payments. The case proceeded to trial without a jury; the court found for Walacavage in the amount of $17,-605.47. Excell appeals from the judgment entered on the verdict. In No. 590 Philadelphia 1983 ("No. 590"), Walacavage brought an action against Excell, claiming that Excell had breached a partnership agreement between it and Walacavage regarding the purchase of a parcel of land. Excell appeals from an order of the lower court granting Walacavage's preliminary objections in the nature of a motion to strike the preliminary objections of Excell and accordingly dismissing Excell's preliminary objections to Walacavage's

complaint. We affirm the court below at No. 3416 and quash the appeal at No. 590.

■ Both of Excell's appeals present serious procedural defects. In No. 3416, appellant Excell filed no exceptions to the decision of the trial judge. Under Pa.R.C.P. 1038(d),[1] "matters not covered by exceptions are deemed waived." Therefore, appellant has preserved no issues for appellate review, and we must affirm the judgment. *Knisely v. Knisely*, 295 Pa.Super. 240, 441 A.2d 438 (1982).

■ In No. 590, Excell has attempted to take an appeal from an interlocutory order. The court's order is in effect no more than an order dismissing Excell's preliminary objections. Such an order is not final; neither party is put out of court. We have consistently held that an appeal does not lie from an order dismissing preliminary objections which do not raise a question of jurisdiction. *See, e.g., Balter v. Balter*, 284 Pa.Super. 350, 425 A.2d 1138 (1981); *2401 Pennsylvania Avenue Corp. v. Southland Corp.*, 236 Pa. Super. 102, 344 A.2d 582 (1975).[2] Therefore, the appeal at No. 590 is interlocutory and must be quashed.

The underlying issue, one of first impression in Pennsylvania, is whether the trial court erred in denying Excell, a corporation, the right to be represented in court by a non-lawyer who in this case was a corporate officer.

All of Excell's pleadings, motions, and briefs filed with both the lower court and this Court are signed by Richard J. Wagner, who describes himself as the "President and Stockholder" of Excell. Wagner is not a member of the bar of this or any other jurisdiction. In No. 3416, the court corresponded with Wagner before trial regarding Excell's

1. Rule 1038(d) was rescinded October 19, 1983, effective January 1, 1984, and replaced by new Rule 227.1. The procedure in the instant case is governed by Rule 1038(d) because the trial took place in 1982.

2. Although Excell characterizes one of its exceptions as a "petition raising question of jurisdiction," the objection actually consists only of a frivolous claim that the complaint is fatally defective because the docket number of the case was omitted from the caption. Such a claim is not jurisdictional in nature.

need for counsel. At trial, the court neither granted Wagner permission to conduct Excell's defense nor prevented him from doing so; rather, the court informed Wagner that he would expose himself to the risk of criminal prosecution for the unauthorized practice of law if he cross-examined witnesses or called any witnesses on Excell's behalf. Wagner responded that he had no intention of practicing law without a license and he remained silent at the trial except for making a few generalized objections to the proceedings.

In No. 590, appellee Walacavage objected to Excell's preliminary objections on the ground that Wagner as a layman was without authority to plead on Excell's behalf. The court agreed that Excell's preliminary objections were not properly presented for this reason and dismissed them.

Excell argues that it has the right to appear "pro se" through Wagner. Excell therefore contends that its failure to file exceptions to the trial judge's decision in No. 3416 resulted from the court's improper threats of criminal prosecution and should be disregarded by this Court. In No. 590, Excell argues that the court erred in dismissing its preliminary objections on the grounds that Wagner could not act for Excell. Excell maintains that the trial court's actions violated Excell's rights to due process and equal protection of the laws secured by the Fifth and Fourteenth Amendments to the United States Constitution, and that the court practiced "invidious discriminatory animus" against Excell in violation of the federal civil rights statutes, specifically 28 U.S.C. § 1343.

 Excell's claims are meritless. Although the question has never been directly addressed by our appellate courts,[3] we find that the law is clear. The federal courts

---

3. In *Phoenix Mutual Life Insurance Co. v. Radcliffe on the Delaware Inc.*, 439 Pa. 159, 266 A.2d 698 (1970), the Supreme Court held that the corporate defendant/appellant would not be heard to complain on appeal that the trial court erred in allowing the trial to proceed when the corporate defendant was "represented" only by a non-lawyer officer who had clearly been authorized to act by the two other stockholders of the corporation. This holding was based on the principle that the trial court could have allowed the case to proceed to

and the courts of our sister states have consistently held that a corporation may appear in court only through an attorney at law admitted to practice before the court. *See, e.g., Simbraw, Inc. v. United States,* 367 F.2d 373 (3rd Cir.1966); *MOVE Organization v. Department of Justice,* 555 F.Supp. 684 (E.D.Pa.1983); *MacNeil v. Hearst Corp.,* 160 F.Supp. 157 (D.Del.1958); *Merco Construction Engineers, Inc., v. Municipal Court,* 21 Cal.3d 724, 581 P.2d 636, 147 Cal.Rptr. 631 (1978); *Oahu Plumbing & Sheet Metal, Ltd. v. Kona Construction, Inc.,* 60 Haw. 372, 590 P.2d 570 (1979).

■ The reasoning behind the rule is that "a corporation can do no act except through its agents and that such agents representing the corporation in Court must be attorneys at law who have been admitted to practice, are officers of the court and subject to its control." *MacNeil, supra;* 160 F.Supp. at 159. This rule holds even if the corporation has only one shareholder. *Shamey v. Hickey,* 433 A.2d 1111 (D.C.App.1981).

■ The *Shamey* court further explained that the purpose of the rule was "not the protection of stockholders but the protection of the courts and the administration of justice," and that a person who accepts the advantages of incorporation for his or her business must also bear the burdens, including the need to hire counsel to sue or defend in court. *Id.* at 1113, quoting from *Mercu-Ray Industries, Inc. v. Bristol-Myers Co.,* 392 F.Supp. 16, 17 (S.D.N.Y.), *aff'd.,* 508 F.2d 837 (2d Cir.1974).

The policy underlying the rule was best summarized by the Third Circuit in *Simbraw,* quoting from the opinion of the District Court: " 'The confusion that has resulted in this case from pleadings awkwardly drafted and motions inartic-

judgment if the defendant had failed to appear at all rather than on any belief that the lay representation was an adequate or proper appearance. The court also expressed approval in dictum of the rule that corporations may not appear in court except by counsel. Nevertheless, *Phoenix Mutual* is not a holding on the precise issues raised by Excell in the instant case.

ulately presented likewise demonstrates the wisdom of such a policy.' " 367 F.2d at 375. We agree with this statement, and we note that it accurately describes the instant case. Excell's pleadings and briefs are rambling, and their averments and arguments are often improperly framed or simply irrelevant. Wagner's inept handling of Excell's case has resulted in the failure to present an effective defense at the trial level, and premature and otherwise defective appeals at this level—all problems which a skilled attorney could have avoided.

■ The two exceptions to this rule are inapposite. First, some states have established special small claims courts with informal rules of procedure in which corporate as well as individual litigants are permitted or even required to appear without an attorney. *See, e.g., Merco Construction Engineers v. Municipal Court, supra; Oahu Plumbing & Sheet Metal v. Kona Construction, Inc., supra.* No such special statutes or rules are involved in the instant case.[4]

Secondly, an exception exists for stockholder's derivative actions. In *Willheim v. Murchison,* 206 F.Supp. 733 (S.D. N.Y.1962), *appeal dismissed,* 312 F.2d 399 (2d Cir.1963), the federal court held that a non-lawyer individual stockholder plaintiff may proceed pro se on the theory that it is the stockholder's own action even though brought for the corporation's benefit. The instant appeals are not stockholder's derivative actions. Nor has Walacavage attempted to "pierce the corporate veil" and assert claims against Wagner individually. Wagner himself has consistently purported to act solely as Excell's representative. Therefore, *Willheim* is irrelevant to this case.

Excell's constitutional claims have also been considered and disposed of by other courts. In *Oahu Plumbing, supra.,* the Hawaii Supreme Court rejected due process and

4. A narrowly defined exception exists for certain small claims in the Philadelphia Municipal Court. Rule 113(d) of the Rules of the Philadelphia Municipal Court provides that "A corporation must be represented by an attorney, except where the corporation is a defendant and damages are not in excess of $300.00."

equal protection claims. In *Turner v. American Bar Association*, 407 F.Supp. 451 (S.D.Ala., N.D.Ind., D.Minn., W.D. Pa., N.D.Tex., W.D.Wis.1975), a consolidation of many similar actions across the nation, the district court rejected the non-lawyer plaintiffs' claims that denying them the right to represent others in court violated federal civil rights and antitrust statutes, as well as numerous constitutional provisions. Several plaintiffs had also alleged jurisdiction under the Magna Carta, the United Nations Charter, "the Common Law," and the like; the court found these claims frivolous.

■ Finding the above-cited federal and state decisions persuasive, we hold that it is likewise the law of Pennsylvania that a corporation may appear and be represented in our courts only by an attorney duly admitted to practice.[5] We further hold that this requirement does not deny corporations due process or the equal protection of the laws. Neither does it deprive corporations or their officers and shareholders of any other constitutional or statutory rights they enjoy as corporate and natural persons, respectively. Accordingly, Excell is entitled to no special or additional relief on these grounds.

The judgment at No. 3416 Philadelphia 1982 is affirmed. The appeal at No. 590 Philadelphia 1983 is quashed.

JOHNSON, J. files a concurring statement.

JOHNSON, Judge, concurring:

I agree with the majority that the order from which the appeal is taken at No. 3416 Philadelphia, 1982 should be affirmed in that failure to file exceptions to the decision of the trial judge results in a waiver. I also agree that the appeal at 590 Philadelphia, 1983 involves an interlocutory order and must be quashed. Therefore, I see no need to address and take no position regarding any further issues as to whether a corporation can be represented in either the

5. This holding, of course, does not affect the validity of any exception provided for by statute or rule. *See supra* note 4.

trial court or this court by a corporate officer and share-holder who is not an attorney.