**Keystone Pellet Inc. v. CT Pellet LLC**

Pro se plaintiff.
*Gretchen L. Geisser,* for defendant.

NANOVIC, *P.J.,* May 1, 2014—The law is contextual. Therefore, when we ask whether the sole owner and officer of a corporation or similar business entity is entitled to represent the business of which he is a part, we necessarily must further ask, under what circumstances: before whom, in what capacity, doing what.

## PROCEDURAL AND FACTUAL BACKGROUND

Defendant, CT Pellet LLC ("defendant"), is a limited liability company organized under the laws of Connecticut. Its sole owner and member is Scott Olson. Mr. Olson is not licensed to practice law in Pennsylvania, or elsewhere.

On August 29, 2013, the plaintiff, Keystone Pellet Incorporated, d/b/a Great American Pellets ("plaintiff"), commenced suit against the defendant in the Carbon County Court of Common Pleas with the filing of its complaint for breach of contract and unjust enrichment. Therein, plaintiff claimed defendant defaulted on the payment of $24,416.60 it owed plaintiff for the purchase of wood pellets. Defendant attempted to file an answer to the complaint on September 30, 2013, which answer was returned by the Carbon County Prothonotary's office for want of the requisite filing fee. Subsequently, a default judgment in the amount of $24,664.05

was taken on October 16, 2013. This amount included the unpaid principle balance claimed in the complaint, together with service fees of $70.00 and filing fees of $177.45.

On December 17, 2013, defendant filed a *pro se* motion to vacate default judgment prepared and signed by Mr. Olson in his capacity as the sole owner of defendant wherein defendant claimed to have filed an answer to the complaint, as evidenced by a time-stamped copy of the answer it received from the prothonotary, which answer, defendant contended, precluded plaintiff from taking a default judgment. In response to this motion, plaintiff denied the filing of any answer to the complaint before default judgment was taken.

A hearing on defendant's motion was originally scheduled for March 10, 2014. At this hearing, Mr. Olson appeared on defendant's behalf. As a preliminary matter, plaintiff, through counsel, objected to Mr. Olson's representation of defendant, claiming he was not a licensed attorney or admitted to practice law in this Commonwealth. Plaintiff argued that to allow Mr. Olson to represent defendant would countenance the unauthorized practice of law and that the motion to vacate, as well as any answer allegedly filed by Mr. Olson on defendant's behalf, was a legal nullity and should be dismissed with prejudice.

Mr. Olson acknowledged he was not an attorney and was unsure how to respond to plaintiff's objection. Because this issue had not been raised earlier, we granted Mr. Olson's request for a continuance to allow defendant an opportunity to obtain counsel and respond to plaintiff's request that defendant's motion and answer be dismissed.[1] We also

---

1. At the time of this hearing, plaintiff's counsel provided the court with a memorandum of law opposing defendant's motion to vacate the default judgment. In this memorandum, counsel noted that upon investigation with the prothonotary's office, plaintiff learned that the prothonotary prematurely time stamped an answer it received to the complaint which was not accompanied by the required filing fee. Upon realizing this error, plaintiff claimed the prothonotary crossed out the time stamp and returned the answer to defendant with instructions

advised Mr. Olson that he would not be allowed to serve as counsel for the defendant at the rescheduled hearing.

The hearing on defendant's motion was rescheduled for April 21, 2014. At this hearing neither Mr. Olson nor anyone else appeared on defendant's behalf. Accordingly, we granted plaintiff's motion to dismiss defendant's motion to vacate the default judgment for defendant's failure to proceed on its motion. Because of the importance and recurring nature of the authority of a corporate or company representative, or its principal owner, to act as counsel for the business in a judicial proceeding, we have elected to file this memorandum opinion addressing the issue.

## DISCUSSION

In *Walacavage v. Excell 2000, Inc.,* the Pennsylvania Superior Court held that a corporation may not be represented in court by a corporate officer or shareholder who is not an attorney. 480 A.2d 281, 282 (Pa. Super. 1984). In *Walacavage,* two separate actions between the same parties were consolidated on appeal. In the first, following a non-jury trial on a collection matter, the trial court entered a verdict in favor of plaintiff and against the defendant corporation. In the second, the trial court granted plaintiff's request to strike preliminary objections filed by the defendant corporation to plaintiff's complaint. In each case, both before the trial court and on appeal, the defendant corporation was represented by a non-attorney corporate officer and shareholder.

The Superior Court affirmed the non-jury verdict and quashed the appeal from the trial court's dismissal of defendant's preliminary objections, both on procedural grounds. In addition, the court, as an issue of first impression, also addressed whether the trial court erred in denying

---

that the answer could not be accepted without payment of the filing fee. We further note that this answer was never docketed of record by the prothonotary.

defendant corporation the right to be represented in court by a non-lawyer who was a corporate officer.[2] In holding that "a corporation may appear and be represented in our courts only by an attorney duly admitted to practice law," the court explained the reasoning for this rule: "[A] corporation can do no act except through its agents and that such agents representing the corporation in court must be attorneys at law who have been admitted to practice, are officers of the court and subject to its control." *Id.* at 284 (quoting *MacNeil v. Hearst Corp.*, 160 F.Supp. 157, 159 (D.Del. 1958)); *see also Estate of Rowley*, 84 A.3d 337 (Pa.Cmwlth. 2013) (holding that a non-attorney administrator of a decedent's estate could not represent the estate in court on the estate's challenge to a judicial tax sale of estate property).[3]

---

2. According to the Superior Court's opinion, at the non-jury trial, the trial court neither granted the corporate officer permission to conduct the corporation's defense nor prevented him from doing so, but did advise this officer that if he cross-examined witnesses or called any witness on the corporation's behalf, he would expose himself to the risk of criminal prosecution for the unauthorized practice of law. 480 A.2d at 283. *See also* 42 Pa.C.S.A. § 2524 (a) (penalty for unauthorized practice of law). This statute provides:

[A]ny person...who within this Commonwealth shall practice law... without being an attorney at law...commits a misdemeanor of the third degree upon a first violation. A second or subsequent violation of this subsection constitutes a misdemeanor of the first degree.

42 Pa.C.S.A. § 2524 (a) (Supp. 2014). In consequence, the officer remained silent at the trial except for making a few generalized objections to the proceedings.

3. In *Estate of Rowley*, quoting *Williams v. USP-Lewisburg*, No. 3: CV-09-1715, 2009 WL 4921316 (M.D. Pa. 2009), the court explained:

Like a corporation, an estate can only act through an agent; in this case, an administrator. An estate by its very nature cannot represent itself and, therefore, must be represented by a licensed attorney, regardless of the relation between the administrator and the decedent. To permit an unlicensed lay administrator to appear pro se would be to permit the unauthorized practice of law.

84 A.3d 337, 341 (Pa.Cmwlth. 2013). Similar principles apply to a limited liability company. *See, e.g.*, 15 Pa.C.S.A. §§ 8991 (parties to actions), 8992 (authority to sue); Pa.R.C.P. 2176 (defining the term "corporation or similar entity" to include a limited liability company). *Cf. In re Lawrence County Tax Claim Bureau*, 998 A.2d 675 (Pa.Cmwlth. 2010) (holding that a general partner in a partnership was allowed to

The court further stated that "the purpose of the rule was not for the protection of stockholders but the protection of the courts and the administration of justice, and that a person who accepts the advantages of incorporation for his or her business must also bear the burdens, including the need to hire counsel to sue or defend in court." *Walacavage*, 480 A.2d at 284 (internal quotation marks and citation omitted). In addition, the court observed that pleadings, motions and briefs drawn by laypersons are often awkwardly drafted and inarticulable, thereby demonstrating the wisdom of the rule. *Id.* at 284.[4]

The *Walacavage* Court identified two exceptions to the rule which had been adopted by other states: (1) in "special small claims courts with informal rules of procedure in which corporate as well as individual litigants are permitted or even required to appear without an attorney"; and (2) in stockholder's derivative actions where the "non-lawyer individual stockholder plaintiff may proceed *pro se* on the theory that it is the stockholder's own action even though brought for the corporation's benefit." *Id.* at 284. Since *Walacavage* was decided, Pennsylvania has recognized the exception for small claims and before some administrative agencies. *See* Pa.R.C.P.M.D.J. 207 (A)(3) (allowing corporate officers to represent corporations in proceedings before magisterial district judges); *Harkness v. Unemployment Compensation Bd. of Review*, 920 A.2d 162 (Pa. 2007)

---

represent the partnership pro se in court proceedings, in part because, as a general partner, he was in effect protecting his own interests, and in part because, as a general partner, he was expressly authorized by the Pennsylvania Rules of Civil Procedure to prosecute a partnership matter in his own name or in the name of the partnership).

4. In the instant case, the answer proffered by defendant to plaintiff's seventeen paragraph complaint consisted of one sentence: "All paragraphs of plaintiff's complaint are denied by defendant." The effect of this answer, had it been accepted by the prothonotary's office, would have resulted almost wholly in deemed admissions. *See* Pa.R.C.P. 1029 (b) ("[a]verments in a pleading to which a responsive pleading is required are admitted when not denied specifically or by necessary implication").

(plurality opinion) (allowing non-attorney representative to represent an employer in unemployment compensation proceedings before a referee).[5] In *Walacavage* both exceptions were found inapplicable, as they are here.

In *The Spirit of the Avenger Ministries v. Commonwealth of Pennsylvania*, the Commonwealth Court went one step further holding, sua sponte, that the court was without jurisdiction to consider the claims made in an appeal by the appellant's pastor, a non-lawyer, on behalf of a nonprofit association claiming tax-exempt status as a charitable organization under the institutions of purely public charity act, 10 P.S. §§ 371-385. 767 A.2d 1130 (Pa.Cmwlth. 2001). The court further cited with approval the Commonwealth Court decision in *McCain v. Curione*, 527 A.2d 591, 594 (Pa.Cmwlth. 1987) for the proposition that "proceedings commenced by persons unauthorized to practice law are a nullity." 767 A.2d at 1131. *See also Commonwealth v. Woodland Trust*, 2008 WL 9408011 *2 (Pa.Cmwlth. 2008) (holding that the Commonwealth Court was without jurisdiction to consider the merits of an appeal filed by a non-attorney trustee on behalf of a trust).

What constitutes the practice of law must be determined on a case-by-case basis. *Harkness*, 920 A.2d at 166.[6] In

---

5. In *Harkness*, the court explained:
[T]he unemployment compensation system must operate quickly, simply, and efficiently. The proceedings are by design, brief and informal in nature.... Thus, the claims for benefits are not intended to be intensely litigated. Unemployment compensation proceedings are not trials. The rules of evidence are not mandated; there is no pre-hearing discovery; the parties have no right to a jury trial; indeed there is no requirement that the referee be a lawyer. Also, and importantly, there are only minimal amounts of money in controversy.... Issues arising in these matters are generally questions of fact not requiring complex legal analysis. Requiring employers to be represented by counsel will not only undermine the informal, speedy and low cost nature of these proceedings, it may dissuade many employers from defending claims for benefits leading to the possibility of an unwarranted drain on the system.
920 A.2d 162, 168 (Pa. 2007) (citations omitted).
6. In *Harkness*, the court identified three broad categories of

*Harkness,* the court considered various factors before deciding that a non-attorney representative of a corporate employer could represent the employer in proceedings before an unemployment compensation referee. These included the informal nature of the proceedings, the amount in controversy, and the complexity of the legal issues involved. Ultimately, the court found that "in determining what constitutes the practice of law, [the court] must keep the public interest of primary concern, both in terms of the protection of the public as well as ensuring that the regulation of the practice of law is not so strict that the public good suffers." *Id.* at 167.[7]

---

activities that *may* constitute the practice of law:

> (1) The instruction and advising of clients in regard to the law so that they may pursue their affairs and be informed as to their rights and obligations; (2) the preparation of documents for clients requiring familiarity with legal principles beyond the ken of ordinary laypersons; and (3) the appearance on behalf of clients before public tribunals in order that the attorney may assist the deciding official in the proper interpretation and enforcement of the law.

920 A.2d at 167.

7. The need for competent legal representation by licensed counsel to protect the public was expounded upon by the Pennsylvania Supreme Court in *Dauphin County Bar Ass'n v. Mazzacaro* as follows:

> When a person holds himself out to the public as competent to exercise legal judgment, he implicitly represents that he has the technical competence to analyze legal problems and the requisite character qualifications to act in a representative capacity. When such representations are made by persons not adequately trained or regulated, the dangers to the public are manifest:

> 'A layman who seeks legal services often is not in a position to judge whether he will receive proper professional attention. The entrustment of a legal matter may well involve the confidences, the reputation, the property, the freedom, or even the life of the client. Proper protection of members of the public demands that no person be permitted to act in the confidential and demanding capacity of a lawyer unless he is subject to the regulations of the legal profession.' EC 3-4, code of professional responsibility, adopted by the Supreme Court of Pennsylvania, February 27, 1974, 455 Pa. — (1974).

> Indeed, 'the bar itself actually arose out of a public demand for the exclusion of those who assume to practice law without adequate qualifications therefor.' *Vom Baur, An Historical Sketch of the Unauthorized Practice of Law,* 26 Unauthorized Practice News 1, 2 (Fall 1958). To practice law a person must demonstrate a reasonable mastery of legal skills and principles, be a person of high moral character and maintain a continuing allegiance to a strict code of

"While the public interest is certainly served by the protection of the public, it is also achieved by not burdening the public by too broad a definition of the practice of law, resulting in the overregulation of the public's affairs." *Id.*

There are times, of course, when it is clearly within the ken of lay persons to appreciate the legal problems and consequences involved in a given situation and the factors which should influence necessary decisions. No public interest would be advanced by requiring these lay judgments to be made exclusively by lawyers. Where, however, a judgment requires the abstract understanding of legal principles and a refined skill for their concrete application, the exercise of legal judgment is called for. While at times the line between lay and legal judgments may be a fine one, it is nevertheless discernible. Each given case must turn on a careful analysis of the particular judgment involved and the expertise that must be brought to bear on its exercise.

*Dauphin County Bar Ass'n v. Mazzacaro*, 351 A.2d 229, 233 (Pa. 1976) (citation omitted). *See, e.g., Shortz v. Farrell*, 193 A. 20, 23 (Pa. 1937) (holding that the preparation and filing of workmen's compensation pleadings does not constitute the practice of law because the forms are prepared by the workmen's compensation board, are elementary in character, and do not rise to the dignity of "pleadings" as that term is understood in other judicial proceedings).

Returning to the undisputed facts in this case, the defendant, CT Pellet LLC, has been sued by the plaintiff; the plaintiff has taken a default judgment; and Scott Olson, a representative of the defendant, has filed on its behalf a motion seeking to either strike or open the default judgment which, given the nature of

professional conduct. *See, e.g.,* Rules 7, 8, 9, 12, 14 and 17-3 of the Rules of the Supreme Court of Pennsylvania. It is to guard against the impairment of this interest that the practice of law by persons who are not authorized to do so is forbidden.
351 A.2d 229, 232-33 (Pa. 1976).

the procedural history preceding the entry of that judgment, requires a hearing and the development of an evidentiary record. Mr. Olsen is not authorized to practice law in this Commonwealth or before this court. CT Pellet LLC is a legal entity separate and apart from Mr. Olson.

These facts alone evidence the unauthorized practice of law by Mr. Olson. *Kohlman v. Western Pennsylvania Hospital*, 652 A.2d 849, 852 (Pa. Super. 1994) (citing 7 Am.Jur.2d Attorneys at Law § 1 (1980) ("practice of law...embraces the preparation of pleadings and other papers incident to actions and special proceedings, the management of such actions and proceedings on behalf of clients before judges and courts")); *see also Shortz*, 193 A. at 23 (noting that for the proper development of a record upon which the ultimate rights of the parties are to be decided legal knowledge and training is highly requisite). The fact that he is the sole owner and member does not alter this conclusion. *See Walacavage*, 480 A.2d at 284 (citing *Shamey v. Hickey*, 433 A.2d 1111 (D.C.App. 1981)); *see also Concilio DelGlesias Ministetio Marantha Pentecostal, Inc. v. Zoning Hearing Board of the City of Scranton*, 2012 WL 8681514 (Pa.Cmwlth. 2012) (holding that even though there is no relevant distinction between representation by a non-lawyer sole proprietor, which is allowed, and representation by a non-lawyer sole shareholder of a corporation who, like the sole proprietor, risks only his own interests should he forego adequate counsel, as a policy determination, the rule in *Walacavage*, that a corporation may appear in court only through licensed counsel, must be followed).

## CONCLUSION

Under this state's constitution, our Supreme Court is vested with the exclusive power to regulate the practice of law, which includes the power to define what constitutes the practice of law, (Pa.Const. Art.V, § 10 (c)), and by statute, 42 Pa.C.S.A. § 2524 (a), the practice of law by a person who is not a member of the bar is a

misdemeanor. *Harkness*, 920 A.2d at 166 nn. 3, 4. Unfortunately, defining the exact boundaries of what is the "practice of law" is an elusive, complex task "more likely to invite criticism than to achieve clarity." *Shortz*, 193 A. at 21. "This is so because the practice of law may well be used in a different sense for various purposes." *Kohlman*, 652 A.2d at 851.

Instead, as construed by our Supreme Court, the determination must be made on a case-by-case basis, "considering the character of the activities engaged in, as well as the nature of the proceedings at issue." *Harkness*, 920 A.2d at 167. Under this standard, the preparation and filing of pleadings and motions on behalf of one litigant against another, and the in-court representation of a party at a hearing before a trial court, are core functions of an attorney-at-law for which the exercise of legal judgment quintessential to the "practice of law" is at the forefront — a judgment requiring an abstract understanding of legal principles melded with the knowledge and skill necessary for their application to the concrete facts of any given claim. *Kohlman*, 652 A.2d at 851-52.

To have allowed Mr. Olson to represent CT Pellet LLC at the hearing scheduled for August 10, 2010, to overlook conduct before the court which is made criminal by the laws of this Commonwealth, and to acquiesce in such conduct by overruling plaintiff's objection, cannot be countenanced by a court of law. This we would not do and, therefore, we sustained plaintiff's objection to defendant's representation by its sole owner and member, a non-attorney.

1. In determining what constitutes the practice of law, the court must keep the public interest of primary concern, both in terms of the protection of the public to ensure competent professional representation is provided in matters which require the exercise of legal judgment, as well as ensuring that the regulation of the practice of law is not so strict that the public good suffers.

2. Because the practice of law may well be used in a different sense for various purposes, what constitutes the unauthorized practice of law requires a case-by-case determination, taking into consideration the character of the activities engaged in and the nature of the proceedings at issue.

3. The unlicensed, in-court representation of another constitutes the practice of law within the meaning of Pennsylvania's statute proscribing the unauthorized practice of law and making such conduct criminal.

4. A corporation or similar business entity (e.g., a limited liability company) may appear in court only through an attorney-at-law admitted to practice before the court.

5. A corporate or company representative, or its principal owner, may not act as counsel for the business in a judicial proceeding.

6. A court is without jurisdiction to consider claims made by the owner or representative of a corporation or similar business entity who is not an attorney licensed to practice law in this Commonwealth.

7. Motions and pleadings filed by a non-attorney on behalf of a corporation or similar business entity engaged in litigation before the courts of common pleas of this Commonwealth are a legal nullity.

8. As the defendant, a limited liability company, appeared in court without counsel, the court properly precluded defendant from being represented by a non-attorney at a hearing scheduled on defendant's motion to vacate a default judgment previously entered by plaintiff against defendant for want of an answer to the complaint.