IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Atrium I Nursing Research and         :
Rehabilitation Center,                :
                    Petitioner        :
                                      :
          v.                          :  No. 945 C.D. 2016
                                      :  SUBMITTED: December 16, 2016
Department of Human Services,         :
                    Respondent        :


BEFORE:   HONORABLE ROBERT SIMPSON, Judge
          HONORABLE JULIA K. HEARTHWAY, Judge
          HONORABLE JOSEPH M. COSGROVE, Judge


OPINION NOT REPORTED


MEMORANDUM OPINION
BY JUDGE HEARTHWAY                    FILED: March 13, 2017


        Atrium I Nursing Research and Rehabilitation Center (Atrium) petitions for review of the April 12, 2016, order of the Commonwealth of Pennsylvania, Department of Human Services (Department), Bureau of Hearings and Appeals (BHA), which granted the Department's Office of Long Term Living's (Office) dispositive motion and dismissed Atrium's appeal.[1]

        Before we can address the merits of Atrium's case, we must address the Department's Application for Relief (Application), which asks this Court to

_____

[1] In its motion, the Office argued that Atrium presented no genuine issue of material fact concerning whether the Office correctly calculated Atrium's April 1, 2003, Medical Assistance Case-Mix Index quarterly rate adjustment.

dismiss Atrium's Petition for Review for lack of standing. In particular, the Department contends that Atrium is a corporation, and therefore, it must be represented by an attorney in proceedings before this Court. The Department points out that Martha Bell (Bell) has filed the Petition for Review, and there is nothing to indicate that she is an attorney licensed to practice law in the Commonwealth. Further, there is nothing to suggest Atrium gave Bell the authority to represent it in Court. On August 4, 2016, Judge Robert Simpson ordered that the Department's Application be decided with the merits of the case, and further ordered Bell, in her principal brief on the merits, to provide an explanation of her authority to bring this action on behalf of Atrium. After reviewing the brief filed by Bell, we agree with the Department that we must dismiss Atrium's case.

"[A] corporation may appear and be represented in our courts only by an attorney duly admitted to practice." *Walacavage v. Excell 2000, Inc.*, 480 A.2d 281 (Pa. Super. 1984); *see Spirit of the Avenger Ministries v. Commonwealth*, 767 A.2d 1130 (Pa. Cmwlth. 2001) (stating that, with a few exceptions not applicable here, non-attorneys may not represent parties before the Pennsylvania courts). This Court's preprinted Ancillary Petition for Review form states: "**NOTE: If the Petitioner is a corporation, it may NOT proceed *pro se*. A corporation MUST be represented by an attorney in court**. See *Walacavage v. Excell 2000, Inc.*, 480 A.2d 281 (Pa. Super. 1984)." (emphases in original.)

Atrium's brief contains Articles of Amendment-Domestic Nonprofit Corporation reflecting that Atrium was incorporated as a Pennsylvania non-profit

2

corporation and stating that Atrium's Board of Directors voted unanimously to change Atrium's name to "The Ronald Reagan Atrium I Nursing, Rehabilitation and Alzheimers Research Center, Inc." (R.R. at 41a.) Atrium's brief states that Ronald Reagan Atrium I "is still actively registered as an entity on the Department of State Website, Entity # I.D. 2653626. Martha Bell is founder and president of the Corporation." (Atrium's brief at 6.) Thus, it is clear that Atrium is a corporation. Accordingly, Atrium must be represented by an attorney before this Court. *See Walacavage*.

Bell has provided nothing to indicate that she is an attorney and, therefore, would be authorized to represent Atrium before this Court. On the Ancillary Petition for Review, under her signature, Bell struck out the pre-printed "Petitioner Pro Se (proceeding without a lawyer)" and initialed next to it. In Atrium's brief, Bell states only that she is "founder and president of the Corporation." (Atrium's brief at 6.) Significantly, the Certificate of Service for Atrium's brief, (R.R. at 170a), which is signed by Bell, does not contain an attorney registration number as required of attorneys who file and serve pleadings in matters before this Court.[2] *See* Pa. R.A.P. 122 (requiring serving party's proof

---

[2] Additionally, this Court's docket reveals that Bell has not entered her appearance as counsel for Atrium. *See* Pa. R.A.P. 120 (requiring counsel filing papers in an appellate court to enter an appearance with the prothonotary of the appellate court); Pa. R.A.P. 1514 (requiring prothonotary to note on the docket the name of counsel for the petitioner upon filing of the petition for review). Moreover, we note that in the six to seven months that representation of the corporation has been at issue, Atrium has not obtained the services of an attorney.

of service to contain name, address and telephone number, followed by the attorney's registration number).[3]

Therefore, because Atrium is a corporation, and because there is no evidence that Bell is an attorney, and thus is authorized to represent Atrium before this Court, we grant the Department's Application and dismiss Atrium's Petition for Review. Given our disposition, we will not address whether Atrium's Petition for Review was untimely filed and therefore should be dismissed,[4] nor will we address the merits of Atrium's case.

_____
JULIA K. HEARTHWAY, Judge

---

[3] Any person who is found to have engaged in the unauthorized practice of law commits a misdemeanor. Section 2524(a) of the Judicial Code, 42 Pa. C.S. § 2524(a).

[4] On June 28, 2016, Senior Judge Keith B. Quigley of this Court ordered the parties to address in their principal briefs the appealability of the underlying order given it appeared that Atrium's petition for review was not filed timely with this Court.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Atrium I Nursing Research and : 
Rehabilitation Center, : 
         Petitioner : 
             : 
         v. : No. 945 C.D. 2016
             : 
Department of Human Services, : 
         Respondent : 

## O R D E R

AND NOW, this 13th day of March, 2017, the Petition for Review filed by Atrium I Nursing Research and Rehabilitation Center, which seeks review of the April 12, 2016, order of the Commonwealth of Pennsylvania, Department of Human Services, Bureau of Hearings and Appeals, is hereby dismissed.

_____
JULIA K. HEARTHWAY, Judge