J-A29003-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AURIC INVESTMENT HOLDINGS, LLC | : | |
| | : | |
| Appellant | : | No. 1998 MDA 2019 |

Appeal from the Judgment of Sentence Entered November 15, 2019
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s): CP-35-SA-0000081-2019

BEFORE: DUBOW, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY DUBOW, J.:           **FILED JANUARY 26, 2021**

Auric Investment Holdings, LLC ("Auric LLC") purports to appeal from the Judgment of Sentence, entered on November 15, 2019, after the trial court found it guilty of violating a local ordinance.[1] After careful review, we

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Jurisdiction over this appeal properly lies in the Commonwealth Court because it involves the application and interpretation of a local ordinance. 42 Pa.C.S. § 762(a)(4)(i)(B). However, the Commonwealth has not filed an objection to proceeding in this Court, and we will exercise our discretion and decide this appeal. Pa.R.A.P. 741. Furthermore, we respectfully disagree with the Dissent's interpretation of **Mohn v. Bucks Cty. Republican Comm.**, 218 A.3d 927, 934 (Pa. Super. 2019) (*en banc*), and its conclusion that Superior Court must transfer this case to Commonwealth Court. The *en banc* Court in **Mohn** did not hold that Superior Court must always transfer a case to Commonwealth Court; rather, the **Mohn** Court left the decision to Superior Court. In particular, the **Mohn** Court set forth the factors Superior Court should consider when deciding whether to transfer and concluded that Superior Court should transfer an appeal "where the interests of the parties and matters of judicial economy are outweighed by other factors, such as

conclude that the trial court lacked jurisdiction to try Auric LLC; thus, its Judgment of Sentence is a nullity without legal effect. In addition, we quash this appeal for lack of appellate jurisdiction.

On October 31, 2018, a code enforcement officer from the City of Scranton ("the City") informed Auric LLC by certified mail that the City had deemed its property located at 300-302 William Street ("the Property") unfit for human occupancy and, therefore, condemned.[2] Auric LLC appealed to the City Board of Appeals, which upheld the condemnation.

On February 22, 2019, a code enforcement officer returned to the Property and determined that, notwithstanding the condemnation, Auric LLC had rented the Property to new tenants in violation of City Ordinance LO §64

_____

whether our retention will disrupt the legislatively ordained division of labor between the intermediate appellate courts; or whether there is a possibility of establishing two conflicting lines of authority on a particular subject." *Id.* at 934. In this case, we find that the interest of judicial economy outweighs the other factors, which have minimal relevancy in this case. Superior Court is familiar with criminal proceedings and has applied well established law. Therefore, we decline to transfer this case to Commonwealth Court.

[2] The City condemned the Property under International Property Maintenance Code ("IPMC") § 108.1.3, which provides that "[a] structure is unfit for human occupancy whenever the code official finds that such structure is unsafe, unlawful or, because of the degree to which the structure is in disrepair or lacks maintenance, is insanitary, vermin or rat infested, contains filth and contamination, or lacks ventilation, illumination, sanitary or heating facilities or other essential equipment required by this code, or because the location of the structure constitutes a hazard to the occupants of the structure or to the public."

§§ QOL-021. Therefore, the City issued a summary criminal citation to Auric LLC.

On June 5, 2019, the magisterial district court found Auric LLC guilty. The record does not indicate whether counsel represented Auric LLC before the magisterial district court.

On June 17, 2019, the Lackawanna County Clerk of Courts signed and accepted a Notice of Summary Appeal from the district court conviction on behalf of Auric LLC. The summary appeal form includes entry space for an appellant to identify its counsel. In this case, however, Auric LLC's Notice of Summary Appeal does not identify counsel.

On November 12, 2019, the court of common pleas held a trial *de novo*. The City Solicitor appeared on behalf of the City to prosecute its case, but no counsel appeared on behalf of Auric LLC. Steve Garanin, a non-attorney, appeared and testified on behalf of Auric LLC. Mr. Garanin conceded that the City had condemned the Property and that Auric LLC had nonetheless continued to rent the Property to tenants. A code enforcement officer testified on behalf of the City, and the trial court permitted Mr. Garanin to conduct cross-examination of the officer. At the conclusion of the trial *de novo*, the court found Auric LLC guilty. On November 15, 2019, the court entered its Judgment of Sentence.[3]

---

[3] The Lackawanna County Clerk of Courts assessed a penalty consisting of a fine and costs for $1,091.25.

On December 12, 2019, Mr. Garanin filed a Notice of Appeal on Auric LLC's behalf. The court of common pleas did not direct Auric LLC's compliance with Pa.R.A.P. 1925(b) but issued a Memorandum in support of its decision. On December 23, 2019, Attorney Paul G. Batyko III, Esq. entered his appearance in this Court on behalf of Auric LLC.

We glean the following issues from Auric LLC's Brief:

1. Whether the City condemned the Property without proper notice or an opportunity to make repairs in a reasonable time;

2. Whether condemnation of the Property was improper and constitutes further evidence of the City's ongoing wrongful conduct that is the subject of federal litigation; and

3. Whether the City failed to establish a "prohibited occupancy" of the Property, in violation of City Ordinance LO § 64 §§ QOL-021, because the City failed to present evidence to support condemnation of the Property.

**See** Auric LLC's Br. at 7, 13, 14.[4]

As a prefatory matter, we consider whether we have jurisdiction over this appeal. **Commonwealth v. Parker**, 173 A.3d 294, 296 (Pa. Super. 2017) ("A court may consider the issue of jurisdiction *sua sponte*."). Because we conclude that the trial court lacked jurisdiction to proceed with a trial *de*

_____

[4] Auric LLC has not included a proper Statement of Questions Involved in its Brief. "The statement of the questions involved must state concisely the issues to be resolved, expressed in the terms and circumstances of the case but without unnecessary detail." Pa.R.A.P. 2116. In its Brief, Auric LLC merely sets forth several standards of appellate review; it does not identify, in terms and circumstances of this case, the issues that it wants resolved. **See** Auric LLC's Br. at 4. Nevertheless, we decline to find waiver on this ground because its error has not hindered our review.

- 4 -

*novo* and impose a Judgment of Sentence, we are without jurisdiction to consider this appeal and are constrained to quash. ***Commonwealth v. Garcia***, 43 A.3d 470, 477-78 (Pa. 2012); ***McCutcheon v. Phila. Elec. Co.***, 788 A.2d 345, 350-51 (Pa. 2002); ***Commonwealth v. Martinez***, 141 A.3d 485, 490-91 (Pa. Super. 2016) ("Where there is no jurisdiction, there is no authority to pronounce judgment.") (citation omitted); ***see also Martin v. Zoning Hearing Bd. of W. Vincent***, 230 A.3d 540, 544 (Pa. Cmwlth. 2020) ("[T]he law is well-established that if an adjudicative body below lacks subject matter jurisdiction, an appellate court does not acquire jurisdiction by an appeal.") (quotation marks and citation omitted).

It is well-settled that "a corporation may appear in court only through an attorney at law admitted to practice before the court." ***Walacavage v. Excell 2000, Inc.***, 480 A.2d 281, 284 (Pa. Super. 1984) (citations omitted). The rule applies even if the corporation has only one shareholder. ***Id.*** More recently, this Court has extended the rule and made it applicable to limited liability companies ("LLCs") to hold that the trial court's jurisdiction is not invoked in a trial *de novo* where the summary appeal was filed by a non-attorney member of the LLC on behalf of the LLC. ***David R. Nicholson, Builder, LLC v. Jablonski***, 163 A.3d 1048, 1056 (Pa. Super. 2017) ("***Jablonski***").[5]

_____

[5] There are two exceptions to this rule that are inapplicable here. ***See Walacavage***, 480 A.2d at 284 (recognizing (1) informal rules applicable in

Following our review of the certified record, we see no evidence that counsel represented Auric LLC throughout these proceedings. We infer from the Notice of Summary Appeal that counsel did not file it. **See** Notice of Summary Appeal, 6/17/19 (lacking signature from licensed attorney). In addition, the lower court docket is devoid of the entry of an attorney's appearance prior to this appeal, and the Notes of Testimony further confirm that counsel did not represent Auric LLC at the trial *de novo*. **See** N.T. Trial, 11/12/19, at 3.[6] Finally, Mr. Garanin, a non-attorney, filed the Notice of Appeal to this Court on Auric LLC's behalf. **See** Notice of Appeal, 12/12/19 (signed by Mr. Garanin).[7]

---

small claims courts may permit or require that litigants appear without an attorney and (2) stockholder derivative actions may proceed without an attorney); **see also, e.g.**, Pa.R.C.P.M.D.J. 207(A)(3) ("Corporations or similar entities and unincorporated associations may be represented by an attorney at law, by an officer of the corporation, entity, or association, or by an employee or authorized agent of the corporation, entity, or association with personal knowledge of the subject matter of the litigation and written authorization from an officer of the corporation, entity, or association to appear as its representative.").

[6] Additionally, the trial court erred in permitting Mr. Garanin to cross-examine the City code enforcement officer. **See** N.T. Trial at 7-8. As a layperson, Mr. Garanin is not licensed to practice law and could not represent Appellant in a criminal case before the court of common pleas. **Jablonski**, 163 A.3d at 1064; **cf. U.S. v. Cocivera**, 104 F.3d 566, 571-73 (3d Cir. 1996) (holding that the district court's decision to permit defendant corporations to proceed in criminal proceedings represented only by non-attorney, chief executive officer violated Sixth Amendment right to counsel).

[7] In criminal proceedings, because a notice of appeal protects a constitutional right, the Superior Court is required to accept and "docket a *pro se* notice of appeal[.]" **Commonwealth v. Williams**, 151 A.3d 621, 624 (Pa. Super.

Pursuant to the law set forth above, and in light of the certified record, Auric LLC failed to invoke the jurisdiction of the court of common pleas, and therefore, the court was not competent to conduct a trial *de novo* or enter the Judgment of Sentence. The court's ruling constitutes a legal nullity for lack of jurisdiction. ***Jablonski***, 163 A.3d at 1056.

Because the court of common pleas lacked jurisdiction to impose a Judgment of Sentence, rendering it a legal nullity, we are without jurisdiction to consider the issues Auric LLC purports to raise. We, therefore, quash this appeal. ***Garcia***, 43 A.3d at 477-78.

Finally, in this Court, Auric LLC filed an Application for Relief to preclude the City from oral argument in this case. ***See*** Application for Relief, 10/21/20. No oral argument occurred. Therefore, we deny the Application for Relief as moot.

---

2016). Here, Mr. Garanin was not a named party; thus, his filing was not a *pro se* notice of appeal. Further, Mr. Garanin filed the Notice of Appeal on behalf of Auric LLC, a legally distinct entity. Pursuant to ***Jablonski***, as a non-attorney, he may not do so. ***See also Commonwealth v. Carroll***, 517 A.2d 980, 982 (Pa. Super. 1986) ("[A] non-lawyer cannot represent another person in court[.]").

Application for Relief denied as moot; Appeal quashed.

Judge Colins joins the memorandum and files a concurring memorandum in which Judge Dubow joins.

Judge Kunselman files a dissenting memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/26/2021