J-A29003-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AURIC INVESTMENT HOLDINGS, LLC | : | |
| | : | |
| Appellant | : | No. 1998 MDA 2019 |

Appeal from the Judgment of Sentence Entered November 15, 2019
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s):  CP-35-SA-0000081-2019

BEFORE:   DUBOW, J., KUNSELMAN, J., and COLINS, J.[*]

CONCURRING MEMORANDUM BY COLINS, J.:     **FILED JANUARY 26, 2021**

I agree with the learned dissent's conclusion that the majority correctly determined that the Court of Common Pleas lacked jurisdiction to consider Appellant Auric Investment Holdings, LLC's *de novo* appeal from its summary conviction because Appellant, a limited liability company ("LLC"), did not appear through an attorney in the lower court.  However, I depart from the dissent as I do not believe that the majority exceeded its authority by resolving this appeal instead of transferring it to the Commonwealth Court, where appellate jurisdiction properly lies.[1]  Therefore, I join the memorandum decision of the majority in full.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] **See** 42 Pa.C.S. § 762(a)(4)(i)(B) ("[T]he Commonwealth Court shall have exclusive jurisdiction of appeals from final orders of the courts of common

In ***Mohn v. Bucks County Republican Committee,*** 218 A.3d 927 (Pa. Super. 2019) (*en banc*), this Court explained:

> Ordinarily, Rule [of Appellate Procedure] 741 allows this Court to accept jurisdiction of an appeal that belongs in another appellate court when the parties do not object.[2]  However, even where no party objects to this Court's exercise of appellate jurisdiction . . ., we still have discretion under rule 741 to transfer the matter to the Commonwealth Court.  Indeed, we **should** transfer the appeal where the interests of the parties and matters of judicial economy are outweighed by other factors, such as whether our retention will disrupt the legislatively ordained division of labor between the intermediate appellate courts; or whether there is a possibility of establishing two conflicting lines of authority on a particular subject.
>
> We now hold that, in deciding whether this Court has appellate jurisdiction, we must consider all of the potential issues underlying the parties' theories of the case.  If any potential substantive issue (or participation of a particular party) invokes the Commonwealth Court's jurisdiction, transfer is appropriate, and we must transfer **prior** to reaching the merits of the appeal.

***Id.*** at 934 (internal citations omitted; emphasis in original).

In ***Mohn***, the appeal concerned whether the Bucks County Republican Party acted within its authority under the Election Code in removing a

---

pleas in . . . [a]ll actions or proceedings . . . [involving] the application, interpretation or enforcement of any . . . local ordinance or resolution[.]").

2 Rule of Appellate Procedure 741(a) provides:

> (a) **General rule**.  The failure of an appellee to file an objection to the jurisdiction of an appellate court on or prior to the last day under these rules for the filing of the record shall, unless the appellate court shall otherwise order, operate to perfect the appellate jurisdiction of such appellate court, notwithstanding any provision of law vesting jurisdiction of such appeal in another appellate court.

Pa.R.A.P. 741(a).

committeeperson for violation of the local party rules, which fell within the Commonwealth Court's exclusive jurisdiction over appeals concerning "the application, interpretation or enforcement of . . . statute[s] relating to elections, . . . or other election procedures." *Id.* at 929-30, 934-35 (quoting 42 Pa.C.S. § 762(a)(4)(i)(C)).  As "the subject matter of th[e] appeal directly implicate[d] the Election Code and the Commonwealth Court's precedents applying the Code's provisions," we therefore transferred the matter to Commonwealth Court.  *Id.* at 935.

Here, by contrast, the jurisdictional rule that underlies the majority's disposition of this appeal is not derived from a statute within the exclusive purview of the Commonwealth Court, but rather it is a common law rule that applies broadly across courts of the Commonwealth.  *See Walacavage v. Excell 2000, Inc.*, 480 A.2d 281, 284-85 (Pa. Super. 1984).  Moreover, there is no material divergence between the application of that rule in Commonwealth Court as compared to this Court.  *See, e.g.*, *Skotnicki v. Insurance Department*, 146 A.3d 271, 284 (Pa. Cmwlth. 2016), aff'd on other grounds, 175 A.3d 239 (Pa. 2017) (citing *Walacavage* and observing that corporations may not appear in court in Pennsylvania through a non-attorney, while recognizing an exception to this rule in some administrative proceedings); *Spirit of the Avenger Ministries v. Commonwealth*, 767 A.2d 1130, 1130-31 (Pa. Cmwlth. 2001) (quashing appeal brought by church pastor because he was not an attorney and thus could not represent his church, a non-profit association, in appeal); *see also Martin v. Zoning*

*Hearing Board of West Vincent Township*, 230 A.3d 540, 544 (Pa. Cmwlth. 2020) (where the lower court lacks jurisdiction, the appellate court is also without jurisdiction to hear the appeal); *Selig v. Zoning Hearing Board of North Whitehall Township*, No. 180 C.D. 2014, 2014 WL 3586255, at *1-*2 (Pa. Cmwlth. filed July 22, 2014) (affirming trial court dismissal of appeal where non-attorney appeared on behalf of LLC, concluding that the rule prohibiting corporations from appearing through a non-attorney applied equally to LLCs and even where the litigant is the sole-owner of the LLC).[3]  Therefore, "our retention [of this appeal does not] disrupt the legislatively ordained division of labor between the intermediate appellate courts" and does not create the "possibility of establishing two conflicting lines of authority on a particular subject." *Id.* at 934.

Accordingly, in the narrow circumstances presented here, I believe that *Mohn* permits our disposition of this appeal on jurisdictional grounds instead of transferring the matter to Commonwealth Court.

Judge Dubow joins this concurring memorandum.

---

[3] While not binding precedent, this unreported panel decision may be cited for its persuasive value.  *See* Pa.R.A.P. 126(b) (non-precedential Commonwealth Court decisions filed after January 15, 2008 may be cited for their persuasive value).