## Smith *v.* State Mutual Benefit Society, Appellant.

Argued October 4, 1948. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*Ralph S. Croskey*, with him *Daniel B. Strickler* and *Croskey & Edwards*, for appellant.

*Charles W. Eaby*, for appellee.

OPINION BY ARNOLD, J., January 14, 1949:

Plaintiff as beneficiary in a life insurance contract recovered verdict and judgment against the insurer, which appealed, assigning as error the refusal of its motion for judgment non obstante veredicto.

The defense was under a policy provision reading: "EFFECTIVE DATE. This Policy shall take effect on the Date of Issue [May 28, 1945] . . . provided the Insured is then . . . in good health."

The contract in question was issued upon written application (as testified to by the writing agent called by the defendant) and without medical examination. Therefore, under the Act of 1935, P. L. 1319 (40 PS §511a)[1] the insurer cannot avoid liability by a mere

---

[1] "In any case where . . . the agent of the insurer recording the answers of the applicant where a medical examination is waived . . . shall . . . declare the applicant a fit subject for insurance, or so report to the company or its agent under the rules and regulations of the company, it shall thereby be estopped from setting up in defense . . . that the insured was not in the condition of health required by the policy or certificate or by the company issuing the same at the time of . . . the recording of the answers of the appli-

showing that the insured was not in good health at the issuance of the policy. The insurer has "the burden of showing, by a fair preponderance of the evidence, not merely the fact of unsound health at the date [of issuance] . . . but also that the applicant knew her health was unsound and fraudulently concealed that knowledge from the company.": *Mincy v. Washington National Insurance Company*, 130 Pa. Superior Ct. 285, 292, 196 A. 893. Cf. *Minzenberg v. Metropolitan Life Insurance Company*, 157 Pa. Superior Ct. 557, 43 A. 2d 377, in which we held that where the policy was issued after medical examination, the sound health clause only applied to a material change in the health of the insured subsequent to the date of examination.

The only question here is whether the evidence produced would entitle the defendant to *binding instructions* on the issue that the insured knew that she was not in good health and fraudulently withheld that knowledge. The rules concerning the quality of evidence entitling the insurer to binding instructions, on an issue as to the fraudulent withholding of information, were extensively reviewed by Justice Drew in *Evans v. Penn Mutual Life Insurance Company of Philadelphia*, 322 Pa. 547, 186 A. 133, and the quality of the proof must be the equivalent of documentary evidence.

Appellant points to two pieces of evidence as entitling it to the desired instruction: First, the "Statement of Attending Physician" signed and sworn to by the attending physician and attached to the "Death Proof" signed by the beneficiary-plaintiff. This statement, by piecing together three different questions and answers, only showed, at the most, that the insured was not in good health on the date in question. It did not show any of the elements of fraud. Second, the testi-

cant where a medical examination is waived, *unless the same was procured by or through the fraud, deceit, or misrepresentation of or on behalf of the insured.*" (Italics supplied.)

mony of the attending physician of the insured that she had been a patient of the physician from January, 1945, complaining of pains in the abdomen; that *he* believed she was suffering from an inflamed pelvic condition; that he suggested an exploratory operation so that *he* could determine whether any serious condition existed. This was performed on August 6, resulting in her death on the operating table from heart collapse. There was no evidence that the attending physician had advised her of any diagnosis made by him. It was not until after her death that he knew of her serious condition, when she was found to be suffering from a carcinoma. The evidence does not show that he testified from any office or business records, and no such records were offered in evidence. His testimony being oral, the jury was not bound to accept it, even though uncontradicted: *Evans v. Penn Mutual Life Insurance Company of Philadelphia,* 322 Pa. 547, 186 A. 133; *Nanty-Glo Boro. v. American Surety Co.,* 309 Pa. 236, 163 A. 523. There was no written or record evidence that the insured fraudulently withheld from the insurer knowledge that she was in bad health.

Judgment affirmed.