IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael B. Selig,                           :
                Appellant           :
                         :
            v.                        :
                         :
The Zoning Hearing Board of                 :
North Whitehall Township                    :
and Raymond and Sheila                      : No. 180 C.D. 2014
Sloyer                                      : Submitted: June 13, 2014

BEFORE:   HONORABLE BERNARD L. McGINLEY, Judge
                HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE McGINLEY              FILED: July 22, 2014

        Michael B. Selig (Selig) appeals from the Order of the Court of Common Pleas of Lehigh County (common pleas court) which dismissed his land use appeal for lack of standing.

        On June 7, 2012, Selig filed an application to the Zoning Hearing Board (ZHB) which requested a special exception and variance to permit the development of an airport/heliport on a parcel located at 5471 Route 309, Schnecksville, Pennsylvania (Property). The Property was owned by Aerotierra, LLC, a holding company organized for the purpose of owning the Property. The helicopter was owned by Aerotierra, LLC, and formerly owned by DR. Helicopters, LLC.

Selig filed his zoning application under his own name. He subsequently amended his application before the ZHB to name Aerotierra, LLC, as the owner of the Property and Selig as the "representative" of Aerotierra, LLC.[1]

The ZHB conducted nine hearings. On February 13, 2013, the ZHB denied Selig's zoning relief because a heliport was not a permitted use on the Property, and Selig's proposed use did not meet the requirements for a special exception to use the Property as an airport.

On February 27, 2013, Selig personally appealed the ZHB's Decision to the common pleas court.

On October 11, 2013, the common pleas court denied Selig's zoning appeal based on its finding that Selig lacked standing to file the appeal because the Property was owned by Aerotierra, LLC.

Selig retained counsel and filed a Petition for Reargument on the issue of standing which the common pleas court granted. On January 8, 2014, after reargument, the common pleas court again denied Selig's appeal for lack of standing. The common pleas court reasoned:

> The appeal must be denied on procedural grounds for Appellant's [Selig] lack of standing. Mr. Selig individually does not own the property at issue in this matter; he only owns the company which owns the property. While Mr. Selig did file the application to the Zoning Board in his name he later amended the applicant

---

[1] Selig was sole owner and member of Aerotierra, LLC, having a 100% interest in the company.

to be Aerotierra, LLC, which is the sole owner of the property at issue in this case. As Aerotierra, LLC was the applicant it is the proper party to bring this appeal. Mr. Selig cannot bring an appeal as himself individually where he was not a party in the underlying Zoning Board Hearing. Therefore, Mr. Selig lacks standing and this appeal is denied. In addition, Mr. Selig would not now be able to amend this appeal so that Aerotierra, LLC is the Appellant because the time limit for an appeal has run. Bradley v. Zoning Hearing Board of the Borough of New Milford, 63 A.2d 488 (Pa. Cmwlth. 2005). Finally, even if allowed to amend beyond the time limit, Mr. Selig would not be allowed to argue this appeal on behalf of Aerotierra, LLC because he is not an attorney. The fact that he is the sole owner of Aerotierra, LLC does not circumvent the rule that a corporation cannot proceed *pro se* or with a non-attorney representing them (sic). Walacavage v. Excell 2000, Inc., 480 A.2d 281, 284 (Pa. Super. 1984). This clearly applies to all entities who are not natural persons based on the reason in Walacavage, 'a corporation can do no act except through its agent and that such agents representing the corporation in Court must be attorneys at law who have been admitted to practice, are officers of the court and subject to its control,' and 'the rule holds true even if a corporation only has one shareholder.' Id. Citing MacNeil v. Hearst Corp., 160 F.Supp. 157 (D. Del. 1958); Shamey v. Hickey, 433 A.2d 1111 (D.C. App. 1981).

Common Pleas Court Order, October 10, 2013, at 1, n. 1.

On February 5, 2014, Selig filed a *pro se* Notice of Appeal from the January 8, 2014, order.

3

On appeal[2], Selig argues that the common pleas court erred when it dismissed his appeal for lack of standing.[3]

This Court has thoroughly reviewed the record, the briefs and cases cited therein and the common pleas court's opinion dated October 10, 2013. The common pleas court's opinion is thorough and explained in detail the reasons for the dismissal of Selig's land use appeal. The common pleas court ably disposed of this issue and applied sound legal reasoning. Accordingly, this Court adopts in full the Opinion of the common pleas court and affirms on the basis of the Opinion at Michael B. Selig v. Zoning Hearing Board of North Whitehall Township and Raymond Sloyer and Sheila Sloyer, Court of Common Pleas of Lehigh County, No. 2013-C-0643, (filed October 10, 2013).

_____
BERNARD L. McGINLEY, Judge

---

[2] This Court's scope of review is whether the common pleas court committed an abuse of discretion or error of law. Larock v. Sugarloaf Township Zoning Hearing Board, 740 A.2d 308 (Pa. Cmwlth. 1999).

[3] Selig raises three other issues which this Court will not address because they do not relate to the common pleas court's dismissal of his land use appeal for lack of standing: (1) did multiple breaches of Due Process occur throughout this case? (2) Did Mr. Smith engage in acts of Fraudulent Concealment, Malicious and Frivolous Prosecution? And (3) Was the intervenors' standing questionable from the onset, to FURTHER unduly DELAY, complicate, subterfuge the facts as to pervert the course of justice? Selig's Brief at 10 (Emphasis in original).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael B. Selig,  
            Appellant

           v.

The Zoning Hearing Board of  
North Whitehall Township  
And Raymond and Sheila  
Sloyer

:  
:  
:  
:  
:  
:  
:  
:  
:  
:    No. 180 C.D. 2014

## **O R D E R**

AND NOW, this 22nd day of July, 2014, the order of the Court of Common Pleas of Lehigh County is hereby AFFIRMED. Intervenors' Motion to Quash is denied.

_____  
BERNARD L. McGINLEY, Judge