## York County Bar Association v. Kirk

C.P. of York County, no. 99-SU-00773-07.

*Rees Griffiths* and *Robert J. Schefter,* for plaintiff.
*Jack F. Ream* and *Marc G. Tarlow,* for defendant.

FEUDALE, *J.,* December 20, 2002—In 1999, the York County Bar Association (YCBA) brought an action against William J. Kirk, a licensed certified public accountant for the unauthorized practice of law. By coincidence, the action was brought on the 100th anniversary of the first enactment of an unauthorized practice of law

statute. Also noteworthy, accounting was first officially recognized as a profession in the United States, in the late 1890s.

In any event, the YCBA alleged Kirk engaged in the unauthorized practice of law by preparing and filing articles of incorporation, advertising notices of incorporation in general and legal newspapers, and holding himself out as being able to provide such services.

It is not disputed that Kirk held himself out to the public as having an accounting practice which focused on "business set-up assistance," "fictitious name & corp. filing," and "small business consulting." In his answer, defendant Kirk admitted preparing the articles of incorporation advertising the notices but denied these actions constitute the unauthorized practice of law. In the new matter, defendant Kirk alleged restraint of trade by the plaintiff. Plaintiff denied these allegations in a timely reply to new matter filed October 26, 1999.

Kirk admitted that during the period of 1995 to 1999, he prepared and filed 20 articles of incorporation, in which he recommended that the client choose Pennsylvania business stock corporations over other possible entities (including limited liability corporations—LLCs), because of defendant Kirk's understanding of the possible tax consequences involved, and the ability of the corporation to sell stock.

According to his deposition Kirk believed that LLCs are inferior because their income is taxed under the rules governing partnerships, while shareholders who operate stock companies are taxed under the rules of corporations and may elect subchapter status. In Kirk's view, a sub S shareholder who both owns and operates his busi-

ness may avoid payroll and social security taxes for himself by electing to pay himself a small salary and making large shareholder distributions. Kirk allegedly heard this at continuing education classes. However, according to the YCBA this purported tax advantage is illusory, since "authoritative publications" make clear that one who owns and operates his own subchapter business must fairly compensate himself for his services for payroll deduction purposes and failure to do so subjects the taxpayer to substantial penalties. Further, YCBA asserted that Kirk's belief that LLCs are taxed under the rules governing partnerships (as opposed to corporate taxation rules which apply to stock corporations) is also erroneous.

The cases describe "legal practice" as exercising judgment which "requires the abstract understanding of legal principles and a refined skill for their concrete application"—in those circumstances where legal judgment is called for. *Kohlman v. Western Pennsylvania Hospital,* 438 Pa. Super. 352, 357, 652 A.2d 849, 851(1994) (citing, *Dauphin County Bar Association v. Mazzacaro,* 465 Pa. 545, 351 A.2d 229 (1976)). An attorney applies legal knowledge or judgment in at least three ways:

(1) He instructs and advises clients in regard to the law, so that they may properly pursue their affairs and be informed as to their rights and obligations;

(2) He prepares for clients documents requiring familiarity with legal principles beyond the ken of the ordinary layman—for example, wills, and such contracts as are not routine nature;

(3) He appears for clients before public tribunals to whom is committed the function of determining rights

of life, liberty, and property according to the law of the land, in order that he may assist the deciding official in the proper interpretation and enforcement of the law.

According to Kirk, pursuant to 63 P.S.§9.2, the breadth of public accounting has been recognized with the expansion in 1996 of the applicable definition:

"Public accounting. Offering to perform or performing for a client or potential client:

"(1) Attest activity;

"(2) Other professional services involving the use of accounting skills including but not *limited to,* management, advisory, or consulting services, business valuations, financial planning, preparation of tax returns or furnishing advice on tax matters by a person holding out as a certified public accountant, public accountant or firm." (emphasis added)

## DISCUSSION

Interestingly, Kirk begins his brief in opposition to the motion for summary judgment by quoting Alexis de Tocqueville and former Supreme Court Justice William O. Douglas, in an apparent attempt to show that those commentators would support defendant's proposition that laymen, or at a minimum, accountants, should be permitted to engage in what we characterize as the "limited or consulting" practice of law.

According to de Tocqueville and Justice Douglas:

"In no country in the world does the law hold so absolute a language as in America; and in no country is the right of applying it vested in so many hands.[1]

---

1. A. de Tocqueville, *Democracy in America,* 89 (1939)

"But it is becoming clear that more and more of the effort in ferreting out the bases of claims and the agencies responsible for them and in preparing the almost endless paperwork for their prosecution is work for laymen. There are not enough lawyers to manage or supervise all of these affairs; and much of the basic work done requires no special legal talent. Yet, there is a closed-shop philosophy in the legal profession that cuts down drastically active roles for laymen."[2]

We concur with Justice Douglas that there is a "closed-shop" mentality in the legal profession and with de Tocqueville that in no country is the right of "applying the law" vested in so many hands. Kirk also notes that the YCBA suit was not prompted by any complaint from any clients of Kirk's. In ending their brief as they began, counsel for Kirk (in apparent denigration of the closed-shop mentality, or in the best spirit of advocacy) cited the biting wit of H.L. Mencken, who said: "What they say is not about money, it's about money."

Clearly, Kirk by his many candid deposition admissions against interest, engaged in the patent and palpable practice of law. Despite what he characterizes as his limited consulting actions, he engaged in the practice of law when he gave general legal advice and facilitated the forming of, and choice of, a legal business entity. Also, we are skeptical about his motive, (*i.e.,* postulating or is it posing) that he has taken it upon himself to break a "bad or outdated law" versus possible financial self-preservation. In any event, if we gave our imprimatur to such,

---

2. *Johnston v. Avery,* 393 U.S. 481, 491 (1969) (concurring opinion).

the obvious concern is that we open the door to the slippery slope that impacts the "good laws."

Notwithstanding the above, in this case at least, we agree with Voltaire who also stated, "a legal dispute means both parties are wrong," and as Benjamin Cardozo stated, "the difference is no less real because it is of degree." This court believes that as taxes and methods of forming and financing businesses have become more complicated that Adlai Stevenson's arguably "bitingly witty" comment, "it's not a profession at all but a business service station and repair shop" applies to both business lawyers and accountants.[3]

While we claim no great legal depth or breadth in the area of business incorporations and tax consequences appurtenant thereto; we believe that regardless of who prepares the "container" a client should be free to seek "counsel" in the open market (attorney and/or accountant) concerning the "contents."

However, we also believe that the ultimate resolution of these issues does not lie with this humble court of common pleas, but initially with the state legislature and ultimately (if the statute was modified) with the Pennsylvania Supreme Court. See *Cole v. Price,* 758 A.2d 231, 233 (Pa. Super. 2000). "First, the power to regulate and define what constitutes the practice of law is vested in our Supreme Court."

We, therefore, enter the following order.

---

3. Adlai Stevenson on Corporate Law. *The Papers of Adlai Stevenson,* 1900-1941, Walter Johns and Carol Evans, eds. 1972.

## ORDER

And now, December 20, 2002, upon consideration of the respective briefs submitted by the parties and oral argument, it is hereby ordered and decreed that plaintiff's motion for summary judgment is granted.

Defendant, William J. Kirk, is permanently enjoined from engaging in the aforementioned practice of law generally, and specifically from engaging in the acts of advising, participating in, or otherwise representing clients in connection with the formation of business entities, including the preparation and filing of documents necessary to effect the formation of business entities including, but not limited to, articles of incorporation.