J-S09004-22

2022 PA Super 101

| | | |
|---|---|---|
| HABTE Z. FREZGHI | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ADHANOM K. TESFAMARIAM, AND | : | |
| ASMERET M. GEBREHIWOT | : | |
| | : | No. 1845 EDA 2021 |
| Appellants | : | |

Appeal from the Order Entered August 17, 2021
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  191201113


BEFORE:   LAZARUS, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

OPINION BY LAZARUS, J.:                        **FILED JUNE 02, 2022**

Adhanom K. Tesfamariam and Asmeret M. Gebrehiwot (Defendants) appeal from the order, entered in the Court of Common Pleas of Philadelphia County, granting Habte Frezghi's (Plaintiff) post-trial motion, in part,[1] and ordering a new trial.  After our review, we reverse the trial court's order granting a new trial.  However, we remand the matter, without prejudice, to allow the Plaintiffs to file appropriate pleadings, if any, and to caution the trial court that it must not allow the unauthorized practice of law.

On December 6, 2019, Plaintiff filed an action in quiet title/fraudulent conveyance of the properties located at 318 S. 52nd Street (318) and 324 S. 52nd Street (324) in Philadelphia.  Plaintiff's complaint alleged Defendants

---

[*] Former Justice specially assigned to the Superior Court.

[1] The court denied Plaintiff's request for judgment notwithstanding the verdict. **See** Order, 8/13/21.

never paid the sale price of $58,000.00. Plaintiff's Complaint, 12/6/19, ¶¶ 1-4. The Defendants filed an answer and new matter, averring that: Plaintiff never owned the 318 property and, thus, Plaintiff had no standing to quiet title; Plaintiff was a record owner of the 324 property and he agreed to sell that property to Defendants for $58,000.00; Plaintiff received $15,000.00 from Defendants as a deposit toward the purchase of that property; the deed for the 324 property was transferred to Defendants and recorded in favor of Defendants; and, Defendants sold the 324 property and no longer hold title. Defendants' Answer and New Matter, 2/21/20, at ¶¶ 6-21.

Following a non-jury trial, at which Plaintiff was "represented" by his nephew, Mehari E. Tedla, a non-lawyer, the trial court entered judgment in favor of Defendants, without prejudice to Plaintiff's right to file appropriate claims as to the 318 and 324 properties. *See* Order, 4/9/21. The court found Plaintiff failed to submit evidence of a fraudulent conveyance of either of the two properties.

Plaintiff filed a *pro se* post-trial motion, as well as a counseled post-trial motion and amended post-trial motion.[2] The trial court denied Plaintiff's motion for judgment notwithstanding the verdict and granted Plaintiff's request for a new trial. *See* Order, 8/17/21. On August 26, 2021, Defendants filed a motion for reconsideration, which the trial court denied. *See* Order,

---

[2] On May 5, 2021, Lopez T. Thompson, Esquire, entered an appearance on behalf of Plaintiff and filed a counseled post-trial motion and an amended post-trial motion.

9/1/21. On September 13, 2021, Defendants filed this timely appeal. Both Defendants and the trial court complied with Pa.R.A.P. 1925. Defendants raise the following issue:

> Did the trial court commit an error of law in holding that the Plaintiff's representation by a non-attorney stripped the court of subject matter jurisdiction over the trial and hence, even though the Plaintiff did not preserve the issue by objection at trial or raise it in his post-trial motion, the issue could not be waived[,] and the court properly raised it *sua sponte* in granting Plaintiff a new trial?

Appellants' Brief, at 4.

Questions of the unauthorized practice of law and the trial court's jurisdiction are pure questions of law, and therefore, our standard of review is *de novo* and our scope of review plenary. ***See Harkness v. Unemployment Comp. Bd. of Review***, 920 A.2d 162, 166 n.2 (Pa. 2007). ***See also Barak v. Karolizki***, 196 A.3d 208, 215 (Pa. Super. 2018) (stating, "[j]urisdiction is purely a question of law; the appellate standard of review is *de novo* and the scope of review plenary") (citation omitted).

Defendants argue Plaintiff waived the issue regarding representation by a non-attorney at trial. Defendants contend that the trial court clearly had jurisdiction over the fraudulent conveyance claims, ***see*** Pa. Const. art. V, § 5; 42 Pa.C.S.A. § 931(a) ("[T]he courts of common pleas shall have unlimited original jurisdiction of all actions and proceedings, including all actions and proceedings heretofore cognizable by law or usage in the courts of common pleas."), and, because representation by a non-attorney did not implicate the

- 3 -

court's subject-matter jurisdiction, the court could not raise the issue *sua sponte*. Appellants' Brief, at 10-12.

Plaintiff is from East Africa and speaks Tigrinya, a language his nephew, Tedla, could speak and understand. Tedla was also designated as Plaintiff's power of attorney. In its order granting Plaintiff a new trial, the court concluded that it had erred when it permitted Tedla to represent Plaintiff at trial. The court stated:

> Although [Plaintiff] gave a power of attorney to Mr. Tedla, a power of attorney does not grant a layperson the authority to represent parties in a legal proceedings. **Kohlman v. Western Pennsylvania Hospital**, 652 A.2d 849, 852 (Pa. Super. 1994). [] "In a civil action, the court lacks jurisdiction to consider the claims raised by a non-attorney." **David R. Nicholson, Builder, LLC v. Jablonski**, 163 A.3d 1048, 1054 (Pa. Super. 2017) []. The trial court also erred in not obtaining a translator when it became apparent that one was necessary for [Plaintiff], who has a limited ability to speak or understand English. **See**, 42 Pa.C.S.A. § 4402 (definitions). **See generally** 42 Pa.C.S.A. [§§] 4401- 4417 (court interpreters for persons with limited English proficiency).

Order, 8/17/21. For the reasons that follow, we find Defendants' argument has merit, and we reverse.

First, the **Jablonski** case, on which the court relied,[3] was disapproved by our Supreme Court in **Bisher v. Lehigh Valley Health Network, Inc.**,

---

[3] The Supreme Court decided **Bisher** four months after the trial court entered its order in this matter. **See Christy v. Cranberry Volunteer Ambulance Corps, Inc.**, 856 A.2d 43, 51 (Pa. 2004) (changes in law are applied retroactively to cases pending on appeal); **see also August v. Stasak**, 424 A.2d 1328, 1330 (Pa. 1981) ("At common law, an overruling decision is normally retroactive.").

265 A.3d 383 (Pa. 2021). In **Bisher**, the Court held that the unauthorized practice of law did not implicate subject-matter jurisdiction, and thus could not be raised *sua sponte*. **Id.** at 389, 401.

In that case, Carla and Brenton Bisher, without representation by counsel, filed suit against eleven defendants, named individuals and corporate entities, alleging medical malpractice resulting in their son Brenton's death. **Id.** at 388. Each parent brought their own wrongful death action, and Carla Bisher filed a survival action on behalf of her son's estate. **Id.** The trial court struck the amended complaint with prejudice due to defects in the certificates of merit mandated by Pennsylvania Rule of Civil Procedure 1042.3. **Id.** On appeal, this Court, *sua sponte* determined that the Bishers committed two errors that jointly deprived the trial court of subject-matter jurisdiction over all claims: Carla's unauthorized practice of law, and the lack of verification of the complaint. We also concluded that this Court lacked jurisdiction, and we quashed the appeal. **Id.** at 388-89.

The Supreme Court granted allowance of appeal, **see Bisher v. Lehigh Valley Health Network, Inc.**, 251 A.3d 779 (Pa. 2021) (per curiam), and, after an analysis of jurisdictional principles and a survey of the law on the issue of the unauthorized practice of law, made clear its holding:

This issue does not implicate subject-matter jurisdiction

Our survey establishes that few courts view the participation of a non-attorney as implicating subject-matter jurisdiction. Some of our sister courts describe the unauthorized practice of law as jurisdictional but rarely, if ever, in terms of the trial court's competency to adjudicate the controversy. The closest

jurisdictional tenet involves standing, but our jurisprudence does not view standing as a jurisdictional issue subject to *sua sponte* intervention.  As explained, our views on this subject largely align with those of the United States Supreme Court, and **we agree that "[c]larity would be facilitated if courts and litigants used the label 'jurisdictional' not for claim-processing rules, but only for prescriptions delineating the classes of cases (subject-matter jurisdiction) and the persons (personal jurisdiction) falling within a court's adjudicatory authority."  *Kontrick* [*v. Ryan*, 540 U.S. 443, 454 (2004)].** Because the **participation of a non-attorney has no connection to the classes of cases that a court may hear, we hold that the unauthorized practice of law is not a subject-matter jurisdiction issue.  Accordingly, we disapprove of *Jablonski* and other cases to the extent they suggest the unauthorized practice of law implicates subject-matter jurisdiction.**  That conclusion is of dispositive significance with respect to the Superior Court's ability to raise that issue *sua sponte*, and the court should not have quashed the appeal regarding the Estate claims or Brenton's claims based on a perceived jurisdictional defect at the trial court level.

*Id.* at 405-06 (emphasis added).

Although the Court acknowledged that "a court cannot ignore the unauthorized practice of law and must intervene[,]" it determined that this did "not conflict with our holding that the unauthorized practice of law does not implicate subject-matter jurisdiction." *Id.* at 406.

The critical distinction is that a court's duty to stop the unauthorized practice of law is limited to the proceedings before that tribunal.  As applied here, the Superior Court properly issued an order requiring Carla to cease her activities[, and] would have been justified in dismissing all of the appellate claims pertaining to Brenton and the Estate had Carla refused to hire an attorney.  Thus, the Superior Court had discretion to give Carla a reasonable period of time to obtain counsel.  But its ability to prevent Carla from **continuing** the authorized practice of law does not extend to undoing what had already transpired at the trial court level.

- 6 -

*Id.* (emphasis in original). The Court, finding "that the participation of a non-attorney is properly characterized as a technical defect[,]" *id.* at 407, and guided by the preference for adjudicating cases on the merits and the liberal construction of rules of court, *see* Pa.R.C.P. 126, adopted the view that "any instance of unauthorized practice of law is curable in the court's discretion[.]" *Id.* at 408-09.

As indicated above, the trial court's order in this case was "without prejudice to Plaintiff Habte Frezghi's right to file appropriate claims as to the above referenced properties." *See* Order, 4/9/21. The court recognized, and Defendants acknowledge on appeal, that Plaintiff's claims sounded in breach of contract. Plaintiff filed a *pro se* post-trial motion on April 17, 2021, a counseled post-trial motion two days later, on April 19, 2021, and an amended counseled post-trial motion on April 21, 2021. On May 5, 2021, another attorney entered an appearance on behalf of Plaintiff, and filed a notice of appeal, which was ultimately dismissed for failure to file a docketing statement. Order, 7/28/21. *See* Pa.R.A.P. 3517. Thus, instead of proceeding with appropriate pleadings, Plaintiff filed a *pro se* post-trial motion and Plaintiff's counsel pursued appellate review, resulting in the court's order granting Plaintiff's motion for a new trial.

We agree with the Defendants' argument that the court had already provided "a cure for the taint" of representation by a non-attorney, when it entered judgment without prejudice to Plaintiff's right to retain counsel and

file a new complaint alleging appropriate causes of action.[4]  The Plaintiff's representation by a non-attorney did not implicate the trial court's subject-matter jurisdiction, and, accordingly, the trial court erred by *sua sponte* invoking subject-matter jurisdiction.  In light of our Supreme Court's decision in **Bisher**, we are constrained to reverse the court's order granting a new trial, and, as it appears the trial court has already determined the pleadings were defective and Plaintiff is now represented by counsel, we remand for further proceedings.

Order reversed.  Case remanded.  Jurisdiction relinquished.

*Judgment Entered.*

Joseph D. Seletyn, Esq.
*Prothonotary*

*Date: 6/2/2022*

---

[4] We emphasize, as did the **Bisher** Court, that a court cannot tolerate the unauthorized practice of law and must timely intervene.  The court is obligated to take corrective action, regardless of whether the adverse party requests such action.  **Bisher**, 265 A.3d at 406.  We decline to order a new trial unless the new pleadings warrant same.  By this action, we are placing both parties in the position that they would have been pre-complaint.