**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JOAN RANDAZZO | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AAA CLUB ALLIANCE, INC. | : | No. 562 EDA 2022 |
| | : | |

Appeal from the Order Entered October 8, 2021
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  190900817

BEFORE:  BOWES, J., LAZARUS, J., and OLSON, J.

MEMORANDUM BY OLSON, J.:                    **FILED JANUARY 10, 2023**

Appellant, Joan Randazzo, appeals *pro se* from the October 8, 2021 order denying Appellant's motion to open the judgment of *non pros* entered in favor of AAA Club Alliance, Inc. ("Club Alliance") on August 17, 2022.[1]  We affirm.

---

[1] As discussed *infra*, Appellant originally filed *pro se* a complaint against AAA Mid Atlantic – Member Relations ("AAA Member Relations") and American Automotive Association ("AAA"), corporate organizations that are separate and distinct from Club Alliance.  Club Alliance maintained that Appellant filed her complaint against improper parties (AAA Member Relations and AAA) and, instead, should have filed the suit only against Club Alliance.  Initially, Appellant disagreed with Club Alliance's assertion, and refused to substitute Club Alliance as the party-defendant in place of the two aforementioned entities.  **See** United States District Court for the Eastern District of Pennsylvania Memorandum Opinion, 5/27/20, at 1 n.1.  On August 6, 2020, Appellant filed *pro se* a motion to amend the complaint to include Club Alliance as a named party-defendant, which the trial court understood to be a *praecipe* to correct the complaint's caption to include Club Alliance as a named party.

The trial court summarized the factual history as follows:

[Appellant and her husband, David Hatchigian, ("Hatchigian")] had been 49[-]year members of [AAA] and were members in good standing on September 12, 2018[. Appellant and Hatchigian] were senior citizens[, and Appellant] had disability tags on her [vehicle]. On September 15, 2018, [Hatchigian] was locked out of his [vehicle,] which was parked on his property. He called AAA [member services] to request emergency assistance for entry into his vehicle, but no one from AAA came to his assistance. Two days later, [Hatchigian] contracted with another automobile service to assist him and to perform work on the vehicle, which would not run. He wrote AAA to complain, but no one ever contacted him. According to AAA's membership plan, [Hatchigian] was promised certain services [that] were not rendered. As a result, he was deprived of the services of his automobile for three days. [Hatchigian] alleged that the instant matter [began] in municipal court as a breach of contract matter[. The] municipal court found in [Club Alliance's] favor, and [Appellant and Hatchigian] appealed to [the trial] court[. Club Alliance purportedly] retaliated by cancelling both [Appellant's and Hatchigian's] AAA memberships. On April 19, 2018, [Appellant], a disabled senior [citizen], called [AAA member services] to access her benefits, but she was treated rudely on the [tele]phone[. As a result, Appellant was] left stranded without fuel or the ability to procure an independent towing company to provide roadside out-of-fuel assistance[, and] was unprepared to cope with an automotive breakdown.

Trial Court Opinion, 6/23/22, at 2-3 (extraneous capitalization omitted).

As a result of the couple's experiences with AAA member services, Appellant and Hatchigian filed *pro se* a complaint against Club Alliance on

_____

On August 24, 2020, the parties stipulated that Club Alliance was the proper party-defendant in place of AAA Member Relations and AAA. On September 1, 2020, the trial court granted Appellant's request to amend the caption. As such, Club Alliance is the properly named appellee in this appeal, and we have corrected the caption accordingly.

September 5, 2019, alleging causes of actions for negligence (count 1), wrongful termination of benefits (count 2), breach of contract (count 3), breach of implied warranty (count 4), breach of written services warranty (count 5), violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law[2] (count 6), intentional representation/inducement (count 7), and unjust enrichment (count 8). On July 6, 2020, Club Alliance filed its answer to Appellant's complaint, as well as new matter, asserting several affirmative defenses.[3] Appellant filed a response to Club Alliance's new matter on July 21, 2020. On August 3, 2020, the case was listed for trial. On August 13, 2020, Club Alliance filed a petition to transfer Appellant's case from the civil trial division to a compulsory arbitration program pursuant to Philadelphia local rule 1303(f)(1)(b). On September 10, 2020, Appellant filed a response to Club Alliance's request for transfer to arbitration. On September 25, 2020, the trial court granted Club Alliance's motion and transferred the case to the compulsory arbitration program. Appellant filed a motion for reconsideration of the trial court order transferring the case to arbitration on October 5, 2020,

_____

[2] 73 P.S. §§ 201-1 to 201-10.

[3] Upon the granting of AAA's October 14, 2019 request, Appellant's case was removed to the United States District Court for the Eastern District of Pennsylvania. On May 27, 2020, the federal district court remanded the case to the trial court.

which the trial court subsequently denied.[4]  Thereupon, the parties engaged in discovery.

On February 10, 2021, Club Alliance filed a motion for partial judgment on the pleadings, requesting the trial court dismiss with prejudice counts 1 - 8 of Appellant's complaint as related to Hatchigian and bar Hatchigian from pursuing additional *pro se* litigation against Club Alliance without leave of court.  Club Alliance's Motion for Partial Judgment on the Pleadings, 2/10/21, at ¶¶ 1-2.  Club Alliance further requested the trial court dismiss with prejudice counts 1, 2, 7, and 8 as related to Appellant.  *Id.* at ¶¶ 3-6. Appellant filed a response in opposition to Club Alliance's motion on March 1, 2021.  On March 15, 2021, the trial court dismissed counts 1 - 8 as related to Hatchigian, barred Hatchigian from pursuing additional *pro se* litigation against Club Alliance without leave of court, and dismissed with prejudice counts 1, 2, 7, and 8, as related to Appellant.  On April 5, 2021, Appellant filed a motion for reconsideration of the March 15, 2021 order and, on April 12, 2021, filed a notice of appeal of said order.  The trial court denied Appellant's motion for reconsideration on May 20, 2021.  In a June 16, 2021 *per curiam* order, this Court quashed Appellant's appeal on the grounds the

---

[4] On October 16, 2020, Appellant filed a motion to certify the September 25, 2020 order transferring this case to arbitration as an appealable, interlocutory, order pursuant to 42 Pa.C.S.A. § 702(b), as well as Pa.R.A.P. 312 and 313. The trial court subsequently denied Appellant's motion on October 19, 2020.

March 15, 2021 order was not a final, appealable order. **See** *Per Curiam* Order, 6/16/21 (878 EDA 2021).

On August 12, 2021, notice was provided to the parties that an arbitration hearing on Appellant's remaining causes of action (counts 3 – 6) was scheduled on August 17, 2021. On August 17, 2021, the trial court entered a judgment of *non pros* in favor of Club Alliance and against Appellant on the ground Appellant failed to appear for the arbitration hearing scheduled earlier that same day.

On September 2, 2021, Appellant filed a motion to open the judgment of *non pros*.[5] On September 27, 2021, Club Alliance filed a response in opposition to Appellant's motion to open the judgment of *non pros*. On October 8, 2021, the trial court denied Appellant's motion. This appeal followed.[6]

Appellant raises the following issue for our review: "Did the [trial c]ourt mis-apply the applicable standard when ruling that [Appellant's husband] could not present [*pro se*] her appearance by affidavit prior to dismissing her case?" Appellant's Brief at 6.

_____

[5] Although the judgment of *non pros* was entered against Appellant, as the only remaining party-plaintiff in the case, and despite Hatchigian having been dismissed as a party-plaintiff as to all counts, both Appellant and Hatchigian filed *pro se* a motion to open the judgment of *non pros*.

[6] Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant's issue, in essence, challenges the trial court's denial of her motion to open the judgment of *non pros* on the ground the trial court abused its discretion in finding Appellant's failure to appear at the arbitration hearing was not reasonably explained or could not be excused and that her husband was not permitted to represent her at the arbitration hearing through the introduction of an affidavit. Appellant's Brief at 11-19.

"A trial court's decision to deny a petition to open or strike a judgment of *non pros* is scrutinized on the abuse of discretion standard of appellate review." ***Madrid v. Alpine Mountain Corp.***, 24 A.3d 380, 382 (Pa. Super. 2011), *appeal denied*, 40 A.3d 1237 (Pa. 2012). "A request to open a judgment of *non pros*, like the opening of a default judgment, is in the nature of an appeal to the equitable powers of the [trial] court[.]" ***Madrid***, 24 A.3d at 381. It is well-established that "in order for the judgment of *non pros* to be opened, three elements must coalesce: 1) the petition to open must be promptly filed; 2) the default or delay must be reasonably explained or excused; and 3) facts must be shown to exist which support a cause of action." ***Id.***; ***see also*** Pa.R.Civ.P. 3051(b)(1-3) (stating that, a petition for opening a judgment of *non pros* "shall allege facts showing that (1) the petition is timely filed, (2) there is a reasonable explanation or legitimate excuse for the conduct that gave rise to the entry of judgment of *non pros*, and (3) there is a meritorious cause of action").

> When evaluating the explanation or excuse proffered by a party who failed to appear for trial[, or arbitration,] and is seeking to open a judgment of *non pros*, the [trial] court should consider:

> 1) whether the failure to appear was inadvertent; 2) whether counsel's failure to appear was part of a pattern of improper behavior, misconduct[,] or abuse; 3) whether the [trial] court attempted to contact counsel prior to dismissing the case; 4) whether the opposing party would be prejudiced by the delay; and 5) whether the [trial] court gave any consideration to lesser sanctions.

*Banks v. Cooper*, 171 A.3d 798, 801 (Pa. Super. 2017) (original brackets omitted), *citing Faison v. Turner*, 858 A.2d 1244 (Pa. Super. 2004).

In denying Appellant's motion to open the judgment of *non pros*, the trial court found that Appellant failed to provide a reasonable excuse or legitimate explanation for her failure to appear at the arbitration hearing and failed to set forth, in her motion to open the judgment, facts giving rise to a meritorious cause of action.[7]  Trial Court Opinion, 6/28/22, at 8-9.  The trial court explained,

> [Appellant] was [] under an obligation to provide a reasonable explanation or excuse as to why she did not appear at the August 17[, 2022] arbitration hearing, but she failed to do so.  Instead of advancing a reasonable explanation or excuse, [Appellant] contended in her petition to open [the judgment of *non pros*] simply that her absence was a "first time excusable default in that she is a disabled senior [citizen]," [that her conduct] was not part of a pattern of improper behavior, and that she sent [Hatchigian] to represent her under the authority of a "affidavit and power of attorney for the specific purpose of in-person[,] in-court hearings which she would be physically unable to attend."  Furthermore, there was no evidence of record establishing that [Appellant]

---

[7] The trial court concluded, and the record supports, that Appellant's motion to open the judgment of *non pros* was timely filed, having been filed 16 days after the judgment was entered.  Trial Court Opinion, 6/28/22, at 8, (finding that, the filing of a petition to open the judgment of *non pros* was sufficiently prompt under Pa.R.Civ.P. 3051), *citing Madrid*, *supra*.

- 7 -

contacted the arbitration center to ask for a continuance or to let it know in advance that she would be unable to attend [the arbitration hearing]. Finally, [Appellant] was required to show the existence of facts which support a cause of action. Again, [Appellant] failed to advance facts in her petition to open [the judgment of *non pros*] that would support a cause of action. The petition was totally silent on any such facts.

*Id.* (record citations and extraneous capitalization omitted). The trial court further noted that "former[-]plaintiff Hatchigian appeared [at the arbitration hearing] and represented that [Appellant] did receive notice of the hearing but did not contact the arbitration center to request a continuance when it became apparent that she could not attend due to a physical impairment[.]" *Id.* at 8 n.2 (extraneous capitalization omitted). The trial court, however, did not permit Hatchigian to represent Appellant's interests at the arbitration hearing because he was not an attorney. *Id.*

The record demonstrates that Appellant did not appear at the arbitration hearing, despite having received notice of the hearing, and did not seek a continuance. Motion to Open Judgment of *Non Pros*, 9/2/21, at ¶4; *see also* N.T., 8/17/21, at 2-3, 6. As an explanation for her failure to appear at the arbitration hearing, Appellant asserted that her "non[-]appearance was a first-time excusable default in that she is a disabled [s]enior [citizen and her non-appearance was not] part of a pattern of improper behavior, misconduct[,] or abuse." Motion to Open Judgment of *Non Pros*, 9/2/21, at ¶12; *see also* N.T., 8/17/21, at 3 (asserting, Appellant "happens to be a disabled senior citizen[ and I (Hatchigian)] have confirmation of that and an

affidavit that she is unable to make it here today").[8]  At the arbitration hearing, Club Alliance represented that its witnesses were present and that it was prepared to proceed with the arbitration hearing.  N.T., 8/17/21, at 5. Moreover, the case was on-going since September 2019.

Although Appellant asserts that her non-appearance was the result of her disability and senior citizen status, Appellant failed to demonstrate how either of these two conditions prevented her from attending the arbitration hearing or requesting a continuance until such time as she was able to attend. As such, Appellant failed to provide a reasonable explanation or a legitimate excuse for failing to appear at the arbitration hearing for a case that had been on-going since September 2019.  Moreover, we concur with the trial court that Appellant's motion to open the judgment of *non pros* fails to set forth facts that support meritorious causes of action for Appellant's remaining claims (counts 3 – 6, as noted *supra*).  Therefore, we conclude that the trial court did

---

[8] The notarized affidavit stated, in pertinent part,

> I, [Appellant,] was operating [my] vehicle on April 1, 2019[,] when [the vehicle] ran out of fuel [at the train station.]  We were then told that our [AAA] membership had been cancelled.
>
> I further verify that [the] statement made in this affidavit [is] true and correct to the best of my knowledge, information, and belief.

Motion to Open Judgment of *Non Pros*, 9/2/21, at Exhibit B.

not abuse its discretion in denying Appellant's motion to open the judgment

of *non pros*.[9]

      Order affirmed.

_____

[9] Moreover, the trial court did not abuse its discretion or err as a matter of law in refusing to entertain Hatchigian's request for a continuance at the August 17, 2021 hearing or to permit Hatchigian's representation of Appellant, who was acting *pro se*, by introducing Appellant's affidavit into evidence.

"[T]he in-court representation of another - a paradigmatic function of [an] attorney-at-law - amounts to the 'practice of law' in this Commonwealth." ***Kohlman v. Western Pennsylvania Hospital***, 652 A.2d 849, 852 (Pa. Super. 1994), *appeal denied*, 663 A.2d 692 (Pa. 1995). A "power of attorney cannot be used as a device to license laypersons to act as an attorney-at-law." ***Kohlman***, 652 A.2d at 852.

Here, Hatchigian, a layperson, appeared before the trial court and attempted to represent Appellant, who did not appear for the hearing. Hatchigian conceded that he did not have legal authority to represent Appellant. N.T., 8/17/21, at 7. Hatchigian was no longer a party in the case and, as a layperson, he was not authorized to practice law. Therefore, Hatchigian could not represent Appellant at the hearing by attempting to introduce an affidavit into evidence. ***Kohlman***, 652 A.2d at 852. Moreover, the affidavit which Appellant asserts appointed Hatchigian as her "proxy" legal representative, as summarized *supra*, does not, in fact, grant Hatchigian power of attorney. Motion to Open Judgment of *Non Pros*, 9/2/21, at Exhibit B. Therefore, we discern no error of law or abuse of discretion in the trial court's prohibition against the unauthorized practice of law by Hatchigian.

Furthermore, it is well-established that Appellant's affidavit, as described *supra*, constitutes hearsay because it is an out-of-court statement offered for the truth of the matter asserted and, as such, is inadmissible evidence. ***See*** Pa.R.E. 801(c) (defining hearsay); ***see also In re Ulrich***, 109 A. 922, 924 (Pa. 1920) (stating, an affidavit is "a mere *ex parte* declaration made without opportunity to cross-examine" and is "nothing more than hearsay"). Appellant's failure to appear at the arbitration hearing completely undermined Club Alliance's ability to cross-examine Appellant and the arbitrator's ability to assess Appellant's credibility.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/10/2023