J-S10044-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DARRIN JEROME MUNFORD | : | |
| | : | |
| Appellant | : | No. 2263 EDA 2022 |

Appeal from the PCRA Order Entered August 19, 2022
In the Court of Common Pleas of Monroe County
Criminal Division at No:  CP-45-CR-0003018-2017

BEFORE:  PANELLA, P.J., LAZARUS, J., and STABILE, J.

MEMORANDUM BY STABILE, J.:                    **FILED JULY 28, 2023**

Appellant, Darrin Jerome Munford, appeals from the August 19, 2022 order dismissing his petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.  Counsel has filed a no merit letter and petition to withdraw pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).  The question before us is whether the PCRA court erred in dismissing this action as untimely where a petition, filed on Appellant's behalf within the PCRA's one-year deadline, was filed by Appellant's wife, who is not an attorney.  For the reasons that follow, we affirm the PCRA court's order and grant counsel's petition to withdraw.

On September 17, 2018, a jury found Appellant guilty of burglary, criminal trespass, and theft, but not guilty of attempt to commit involuntary

deviate sexual intercourse and not guilty of indecent exposure. On December 10, 2018, the trial court imposed an aggregate 54 to 108 months of incarceration. This Court affirmed the judgment of sentence on March 30, 2020.

On March 26, 2021, Appellant mailed, from SCI Frackville, a letter to the court inquiring about the status of his case. On March 31, 2021, a PCRA petition was filed on Appellant's behalf, signed "Zamora Munford POA" (Mrs. Munford). PCRA Petition, 3/31/21, at 11 (pagination ours). Mrs. Munford is Appellant's wife,[1] and she purportedly acted with power of attorney on Appellants' behalf. Mrs. Munford is not a licensed attorney.[2] On April 1, 2021, in response to Appellant's March 26, 2021 inquiry, the Monroe County Clerk of Courts mailed Appellant a copy of the March 31 PCRA petition purportedly filed on Appellant's behalf by his wife.

On April 7, 2021, the PCRA court filed an order appointing counsel and directing counsel to file an amended petition no later than June 1, 2021. The April 7, 2021 order specified that an amended, counseled petition was

_____

[1] We assume for purposes of argument that Mrs. Munford was Appellant's wife, though Appellant offered no testimony or other evidence to establish that fact. Ultimately, the marital status of Appellant and Mrs. Munford is not dispositive.

[2] We note that in **Kohlman v. Western Pennsylvania Hosp.**, 652 A.2d 849 (Pa. Super. 1994), **appeal denied**, 663 A.2d 692 (Pa. 1995), this Court held that power of attorney documents executed pursuant to the Probate Code do not authorize the person with power of attorney to practice law on behalf of the other.

necessary because the original petition apparently was not filed by an attorney.[3] On June 22, 2021, with appointed counsel having taken no action on Appellant's behalf, the Commonwealth filed an answer and new matter asserting that the original petition, while timely, was void because it was not filed by a person authorized to do so. The Commonwealth further argued that because Appellant failed to file an amended, counseled (or *pro se*) petition within the one-year PCRA time bar, the collateral proceeding should be dismissed.

Appointed counsel filed an amended petition on August 23, 2021. The amended petition did not address the Commonwealth's arguments that the original petition was void and that the proceeding should be dismissed for lack of a timely petition. Subsequently, appointed counsel filed a petition to withdraw, alleging that he had a conflict of interest because he had previously prosecuted Appellant on convictions that were admitted against him under Pa.R.E. 404(b) in the instant matter. On December 7, 2021, the PCRA court granted counsel's motion to withdraw and appointed present counsel.

On March 15, 2022, present counsel filed another amended petition. This petition also did not address the Commonwealth's argument for dismissal. The Commonwealth responded with an answer reasserting its challenge to the

---

[3] The order stated, "It appearing that the PCRA motion was or may have been prepared for Defendant by a person who is not an attorney. As result, a counseled, Amended PCRA petition **shall be required** on or before June 1, 2021." Order, 4/7/21, at ¶ 3 (emphasis in original).

original petition and its argument for dismissal on timeliness grounds. On May 10, 2022 and August 18, 2022, the PCRA conducted hearings. Appellant testified regarding his claim of actual innocence, but he presented no evidence to establish the validity of the original petition. Appellant did not say why Mrs. Munford would have been authorized to file a PCRA petition on his behalf, nor did he testify that he was unable to file a *pro se* petition from prison. In substance, Appellant's evidence at the PCRA hearings was largely an attempt to relitigate the some of the facts at issue during trial.

At the conclusion of the August 18, 2022 hearing, when PCRA court announced its decision to dismiss Appellant's petition and began to explain its reasoning, Appellant engaged in what the PCRA court described as "an impromptu outburst." PCRA Court Opinion, 12/8/22, at 9. Appellant protested that, if there was a problem with his wife filing the petition on his behalf, he should have been given an opportunity to fix it. N.T. 8/18/22, at 32-33. Appellant explained that there was a "paper trial" of him "going to court a whole year." *Id.* at 33. As noted above, he mailed the court a letter from prison only days before Mrs. Munford filed the petition. The record reflects subsequent communications directly from Appellant to the court. The PCRA court dismissed this proceeding for lack of a timely petition, as the original was not filed by an attorney or next friend, and because Appellant had been given a reasonable opportunity to correct the defect and failed to do so within the PCRA's one-year deadline.

Appellant filed a timely notice of appeal. As noted above, counsel is proceeding under **Turner**/**Finley**, which requires counsel to "review the case zealously […] submit a 'no-merit' letter to the trial court […] detailing the nature and extent of counsel's 's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw." **Commonwealth v. Muzzy**, 141 A.3d 509, 510–11 (Pa. Super. 2016). Counsel must send a copy of the no merit letter and petition to withdraw to the petitioner and inform the petitioner of his right to proceed *pro se* or with new counsel. **Id.** The record reveals that counsel's **Turner**/**Finley** original filing was deficient in that it did not include a letter to Appellant informing him of his right to proceed *pro se* or with new counsel. Counsel corrected this deficiency in response to a February 3, 2023 order from this Court directing him to do so. Appellant has taken no further action, *pro se* or otherwise. We therefore proceed to the timeliness issue and the substantive issue presented in counsel's no merit letter.

On review of an order denying relief under the PCRA, we must determine whether the record supports the PCRA court's findings of fact, and whether the PCRA court committed an error of law. **Commonwealth v. Paddy**, 15 A.3d 431, 441-42 (Pa. 2011). The PCRA court's findings of fact are binding on us when they are supported in the record. **Id.** We review the PCRA court's legal conclusions *de novo*. **Id.** The PCRA requires that a petition be filed

- 5 -

within one year of the date on which the judgment of sentence became final. 42 Pa.C.S.A. § 9545(b)(1). Failure to meet that deadline or an exception thereto, deprives the PCRA court of jurisdiction. *Commonwealth v. Hackett*, 956 A.2d 978, 983 (Pa. 2008), *cert. denied*, 556 U.S. 1285 (2009). As noted above, this Court affirmed Appellant's judgment of sentence on March 30, 2020. Because Appellant did not seek allowance of appeal in the Pennsylvania Supreme Court, his judgment of sentence was final 30 days later, on April 29, 2020. *See* 42 Pa.C.S.A. § 9545(b)(3) ("For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."). The only petition filed on Appellant's behalf within one year of April 29, 2020 was the March 31, 2021 petition signed by Mrs. Munford.

In general, a person who is not an attorney may not represent another party before the courts of Pennsylvania, and unauthorized practice of law may in some cases be prosecuted as a misdemeanor. 42 Pa.C.S.A. § 2524(a). In *Bisher v. Lehigh Valley Health Network, Inc.*, 265 A.2d 383 (Pa. 2021), our Supreme Court considered the status of a pleading filed by a non-attorney.[4] The *Bisher* Court concluded that such pleadings are not void *ab*

_____

[4] In *Bisher*, the plaintiffs, who were not licensed attorneys, filed *pro se* wrongful death and survival actions. They were permitted to proceed *pro se*
*(Footnote Continued Next Page)*

- 6 -

*initio*; rather they are voidable at the discretion of the trial court. ***Id.*** at 389. Thus, the participation of a non-attorney is a curable technical defect that "the offending party should be given a 'reasonable opportunity' to cure." ***Id.*** at 407, 409. Relying on ***Bisher***, the PCRA court gave Appellant an opportunity to cure the defective petition. In its order of April 7, 2021, the PCRA court noted explained that the original petition had not been filed by an attorney and directed that appointed counsel file an amended petition by June 1, 2021. Original PCRA counsel failed to meet the June 1, 2021 deadline and eventually withdrew.

The PCRA court also considered whether Mrs. Munford's petition was salvageable under the "next friend" doctrine, pursuant to which a non-attorney may act on a PCRA petitioner's behalf under the following circumstances:

> First, the putative next friend must provide an adequate explanation, such as lack of access to the courts, mental incapacity or other disability, as to why the defendant is incompetent to appear on his own behalf and litigate his own cause. […] Secondly, the putative next friend must establish that they have a significant relationship to, and are truly dedicated to the best interests of, the real party in interest on whose behalf they seek to litigate.

***Commonwealth v. White***, 734 A.2d 374, 376 (Pa. 1999) (citations omitted). The PCRA court found that record before us conclusively establishes that

---

on their wrongful death actions but needed a licensed attorney to file a survival action on behalf of a decedent's estate. ***Id.*** at 389-90.

Appellant cannot meet the first prong. He mailed a letter to the Monroe County clerk of courts less than one week before Mrs. Munford filed the PCRA petition. And in protesting on the record after the PCRA court announced its decision, Appellant stated that a year-long paper trail established his ability to contact the court when necessary. The record supports the PCRA court's findings, and they are binding on appeal.

Because Appellant, in accord with **Bisher**, was given a reasonable opportunity to cure the defective petition and failed to do so, and because he cannot establish the applicability of the next friend doctrine in this case, we discern no legal error in the PCRA court's decision to treat the March 31, 2021 petition as void. Because Appellant never filed a valid PCRA petition within the one-year deadline, the PCRA court did not err in dismissing Appellant's petition under § 9545(b)(1).

The **Turner**/**Finley** letter also addresses Appellant's claim of actual innocence. The record reveals that Appellant's convictions resulted from his actions at a massage parlor. The Commonwealth sought to prove at trial that Appellant broke into the parlor then exposed himself to and attempted to sexually assault an employee. Presently, Appellant claims the massage parlor was a bordello and that the women who testified against him were prostitutes who falsely accused him. Counsel correctly concludes that Appellant cannot obtain collateral relief on this argument, which amounts to a challenge to the

sufficiency of the evidence. Appellant waived that argument by not raising it on direct review. 42 Pa.C.S.A. § 9544(a).

In summary, Appellant did not file a timely counseled or *pro se* petition. The PCRA court did not err in treating the petition filed on Appellant's behalf by his non-attorney wife as void after giving him a reasonable opportunity to cure the defect. This Court has received no *pro se* filing from Appellant after present counsel advised him of his right to do so. We therefore affirm the PCRA court's order and grant counsel's petition to withdraw.

Order affirmed. Petition to withdraw granted.

President Judge Panella joins the memorandum.

Judge Lazarus concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/28/2023