J-A23015-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN RE: THE ESTATE OF KATHRYN S. MCLEOD, DECEASED | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| JOAN Y. SUMMY-LONG, INDIVIDUALLY AND AS AGENT FOR JANICE S. FAUST | : | |
| | : | |
| Appellant | : | |
| | : | No. 24 MDA 2023 |
| v. | : | |
| | : | |
| NANCY MCLEOD O'BRIEN, EXECUTRIX OF DECEDENT'S ESTATE AND TRUSTEE OF THE KATHRYN MCLEOD TRUST U/A DTD 5/24/1999 | : | |

Appeal from the Order Entered December 7, 2022
In the Court of Common Pleas of Dauphin County Orphans' Court at
No(s):  2215-0133

BEFORE:   LAZARUS, J., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

JUDGMENT ORDER BY LAZARUS, J.:          **FILED: OCTOBER 25, 2023**

Joan Y. Summy-Long[1] appeals, *pro se*, from the order, entered in the

Court of Common Pleas of Dauphin County upon remand from this Court,

approving attorneys' fees and costs claimed by Nancy McLeod O'Brien,

_____

[*] Former Justice specially assigned to the Superior Court.

[1] Summy-Long purports to appeal "individually and as agent for Janice S. Faust," her sister.  This Court has previously held that an agent's *pro se* "legal representation" of a principal under a power of attorney is "contrary to the [C]onstitution, the laws, and the public policy of this Commonwealth" and constitutes the unauthorized practice of law.  **Kohlman v. W. Pennsylvania Hosp.**, 652 A.2d 849, 853 (Pa. Super. 1994).  Accordingly, we deem Summy-Long to be acting only on her own behalf.

Executrix of the Will of Kathryn S. McLeod, Deceased, and Trustee of the Kathryn McLeod Trust Under Agreement dated May 24, 1999 ("Executrix"), in her Second and Final Account. Upon review, we affirm.

As we have previously noted, this case has a long and tortured history, which we set forth at length in our memorandum disposing of Summy-Long's earlier appeal and, thus, do not repeat here. *See In re Estate of McLeod*, 256 A.3d 3 (Pa. Super. 2021) (Table). In brief, Executrix filed her Second and Final Account in November 2019. Summy-Long filed objections to the account, which included a challenge to the attorneys' fees and costs assessed against her distributive share, as well as that of her sister, Janice Faust, by the Executrix. The Orphans' Court denied the objections and Summy-Long appealed to this Court. Upon our review, we affirmed in part and reversed in part, concluding that the Orphans' Court had erred in summarily denying the objection as to fees and costs without holding a hearing to determine "whether the fees were reasonable and properly attributable to Appellants' conduct." *Id.* at **11. Accordingly, we vacated the order dismissing Summy-Long's objections to the extent they asserted the excessiveness of the counsel fees, and directed the Orphans' Court to hold further proceedings to determine whether the fees were reasonable and properly attributable to Summy-Long's conduct.

On remand, the Orphans' Court ordered a period of discovery, after which it held a two-day hearing. Thereafter, the court ordered the parties to submit proposed findings of fact and conclusions of law. On December 7,

2022, the Orphans' Court issued a memorandum opinion and order concluding that "the Accountant's attorneys' fees and cost calculations are accepted as substantiated, reasonable, and properly attributed," and approving the attorneys' fees and costs as stated in the Second and Final Account. Orphans' Court Order, 12/7/22. Summy-Long filed a timely notice of appeal, and the Orphans' Court issued a supplemental memorandum.[2]

Prior to addressing the issues raised by Summy-Long in her brief, we must determine whether she has waived her claims on appeal.

> Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon [an] appellant. To the contrary, any person choosing to represent [her]self in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing.

*In re Ullman*, 995 A.2d 1207, 1211-12 (Pa. Super. 2010) (citations omitted). Moreover, "[t]his Court will not act as counsel and will not develop arguments on behalf of an appellant." *Coulter v. Ramsden*, 94 A.3d 1080, 1088 (Pa. Super. 2014). "[W]hen issues are not properly raised and developed in briefs, [or] when the briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof." *Commonwealth v. Tchirkow*, 160 A.3d 798, 804 (Pa. Super. 2017) (citation omitted).

Here, Summy-Long's brief consists of little more than a rehashing of prior grievances—all of which have been previously rejected by both the

---

[2] The Orphans' Court did not direct Summy-Long to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

Orphans' Court and this Court—regarding "deceptions, concealment[,] and misrepresentations" allegedly perpetrated by Executrix. Summy-Long's rambling and incoherent "argument" includes, *inter alia*, quotes from her diary and a "Summy Family History." What it does **not** include is citation to any relevant statutory or case law, and it fails to provide any legal argument whatsoever. The Rules of Appellate Procedure specifically require a party to set forth in her brief, in relation to the points of her argument or arguments, "discussion and citation of authorities as are deemed pertinent," as well as citations to statutes and opinions of appellate courts and "the principle for which they are cited." Pa.R.A.P. 2119(a), (b). Because Summy-Long's brief is devoid of legal citation or argument, we are constrained to find her claims waived. ***See Commonwealth v. Clayton***, 816 A.2d 217 (Pa. 2002) ("[I]t is a well[-]settled principle of appellate jurisprudence that undeveloped claims are waived and unreviewable on appeal.")

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/25/2023